■ JOHN J. REYNOLDS, INC., Respondent, v. JUDITH SNOW et al., as Administratrices of the Estate of LILLIAN R. SCHWAMM, Deceased, and as Administratrices of the Estate of HARVEY L. SCHWAMM, Deceased, Appellants.— Judgment unanimously modified on the law and on the facts so as to dismiss the complaint and otherwise affirmed, with costs to the appellants. The plaintiff in the performance of its duties as a real estate broker was required to exercise the utmost good faith and loyalty and not to act in any manner inconsistent with its agency or trust (Lamdin v. Broadway Surface Adv. Corp., 272 N. Y. 133; Wendt v. Fischer, 243 N. Y. 439). A failure to disclose any interest tending to influence the plaintiff in its conduct in obtaining and negotiating a lease

constitutes a breach of its fiduciary obligation and precludes it from recovering for services rendered (*Murray* v. *Beard*, 102 N. Y. 505). We conclude that the plaintiff has by its conduct forfeited its rights to the commission sought to be recovered. The letter from the plaintiff to Harold Bickford leaves no doubt that the plaintiff, through its president, had a "long and intimate friendship" with the principals of the Bickford chain. In addition to such relationship it is manifestly clear from the letter that the giving of the lease to Bickford was considered desirable by the plaintiff and to its benefit so that it could in turn obtain an additional commission through Bickford's subletting through it of a portion of the premises. The nature of the personal relationship and the anticipation of the subletting commissions, of necessity were factors as would tend to influence the plaintiff in its conduct as a fiduciary and should have been fully disclosed (*Murray* v. *Beard, supra*). Failing of such disclosure the plaintiff has failed to act with the requisite *uberrima fides* and has forfeited its right to commissions. While the plaintiff's letter seems to indicate that it had an offer better than that which it submitted to its principal and which was ultimately accepted, it is not essential that such offer shall have in fact been made. It is sufficient that the letter itself shows that the plaintiff had an interest not wholly consistent with that of its principal. However, while we bar a recovery by the plaintiff we agree that the defendants may not recover on their counterclaim. To warrant such a recovery it must be proven that another offer was in fact made and rejected by plaintiff and that such offer, considering all its terms, was superior to that of Bickford. The proof as to these facts is insufficient. Concur — Botein, P. J., Breitel, Rabin, McNally and Stevens, JJ.