Bernard Newman, J.
Plaintiff seeks to enjoin defendant from using the word “ Federated ” in its corporate name while it is engaged in the conduct of any business in the field of electronics.
Plaintiff is engaged in the distribution and sale, principally at retail, of products in radio, television, sound reproduction and allied fields. It was incorporated in 1928 under the name “ Federated Purchasing Service Corporation ”, and in 1932 caused its name to be changed to ‘1 Federated Purchaser, Inc. ’ ’ Until 1954, plaintiff’s sole place of business was located in lower Manhattan. From February of 1951 until sometime in 1958, plaintiff operated its business at 66 Dey Street, New York City, through a wholly owned corporate subsidiary known as 1 ‘ Federated Electronics Sales, Inc.” In 1954, however, while simultaneously continuing the operation of its New York City store at Dey Street, plaintiff moved its principal place of business to Mountainside, New Jersey. Thereafter, in 1958, plaintiff dissolved the afore-mentioned corporate subsidiary, and caused its business to be transferred to the New Jersey location.
In or about March, 1959, defendant commenced business as “ Federated Electronics, Inc.” Unlike plaintiff, it is engaged in the manufacture of electronic elements for sale to the trade, at wholesale.
It is plaintiff’s contention that defendant is competing unfairly with plaintiff in that the name “ Federated ” has obtained a secondary meaning associated with plaintiff’s business. Plaintiff claims, in substance, that defendant’s name was deliberately chosen to simulate plaintiff’s name in order to profit improperly from the repute and good will associated with the name ‘1 Federated ” in the electronics business. In the opinion of the court, plaintiff’s claim is without merit.
Contrary to plaintiff’s contention, nothing in the record warrants the conclusion that the word ‘ ‘ Federated ’ ’ acquired such secondary meaning in regard to plaintiff as to prevent its use by others. ‘ ‘ Federated ” is a descriptive word, rather than a fanciful one which plaintiff may be not properly adopt as its exclusive property (see Eastern Constr. Co. v. Eastern Eng. Corp., 246 N. Y. 459). Indeed, the proof shows that, in Manhattan alone, the telephone directory contains at least 26 companies using the word “ Federated ” in their business name.
Although a court of equity will enjoin as unfair competition the *110 adoption or use of the name of another where such adoption tends to create confusion and enables one corporation to obtain, by reason of the similarity of names, the business of a prior user (Higgins Co. v. Higgins Soap Co., 144 N. Y. 462; Eastern Constr. Co. v. Eastern Eng. Corp., supra), the credible testimony and documentary evidence fails to establish any actual confusion in the case at bar. Moreover, the proof failed to indicate any tendency or likelihood to confuse a prospective purchaser. As heretofore noted, although plaintiff and defendant are concerned with the same general field of industry, they are nevertheless engaged in dissimilar types of business, which cater to different classes of purchasers. Plaintiff is essentially a distributor of products made by others, while defendant is a manufacturer. It does not appear that these parties solicit the same kind of customer. Similarly, it is to be noted plaintiff did not show that defendant, through use of advertising or other means, deliberately tried to appropriate any of plaintiff’s business by an attempt to identify itself with plaintiff. Hence, nothing adduced upon the trial establishes that the purchasing public could reasonably be confused as to the separate identities of the two companies here involved.
The record clearly supports defendant’s assertion that in choosing the name “ Federated ”, defendant had no intention or desire to imitate plaintiff or benefit from plaintiff’s alleged good will. In point of fact, the uncontroverted evidence shows that at the time of its incorporation defendant sought permission from the Secretary of State, but was unable to obtain authorization for the use of its first choices: the names “ General Electronics ” or “ General Industries ”. Plainly, defendant’s present name was chosen as a final resort, rather than as a deliberate attempt to appropriate another’s reputation for the purpose of competing unfairly. The adoption of “ Federated ”, then, was fortuitous.
And in any event, there is nothing in the record which indicates that defendant’s use of the word “ Federated ” has in any way diminished the value of plaintiff’s corporate name (see Vacheron & Constantin-LeCoultre Watches v. Benrus Watch Co., 155 F. Supp. 932, 936, affd. in part, revd. in part on other grounds 260 F. 2d 637; General Business Law, § 368-c, subd. 3; L. 1955, ch. 453, omitted L. 1961, ch. 583).
Plaintiff’s attempt to pre-empt the name “ Federated ” cannot be aided by its subsequent incorporation of a subsidiary in New Jersey under the name of “ Federated Electronics of New Jersey ’ ’, two years after defendant was incorporated. Plaintiff, at that juncture, had actual knowledge of defendant’s existence. *111 Nor is plaintiff now assisted by the reference under “ Electronics ” with the listing of its name in the 1961-1962 telephone directory. Significantly, until that recent issue of the directory, the only reference to plaintiff’s name in many prior directories was under the heading ‘ ‘ Radio Supplies ’ ’. Obviously, in the absence of proof of any of the elements comprising unfair competition, these belated efforts on the part of plaintiff cannot affect defendant’s right to continue the use of its present corporate name.
Consequently, upon the evidence, and giving due consideration to all of the foregoing, the court holds that plaintiff is not entitled to the injunctive relief it seeks. Judgment, accordingly, is rendered in favor of defendant, dismissing the complaint upon the merits. No costs are awarded.