█ In the Matter of the Accounting of WALTER L. POST, as Executor of ELVERTON H. MURRAY, Deceased, Respondent. PRATT INSTITUTE, Appellant; CONCETTA MURRAY et al., Respondents.— Decree unanimously modified, on the law and the facts, either to conform the amounts of the reduced legacies to those proposed by the attorney for the executor by affidavit dated May 24, 1962, subject only to further adjustment because of increases or decreases since the account was filed, or to remand, if the parties are so advised, to the Surrogate to settle contested adjustments in accordance with his prior decision, and the decree is otherwise affirmed, with costs to all parties submitting briefs payable out of the estate. On the authority of *Matter of Matthews* (255 App. Div. 80, affd. 279 N. Y. 732), the trust for the widow is subject to invasion for the testator's sister and, consequently, the widow's election to take her intestate share under the statute is not precluded. However, there is a variance, as urged by remainderman appellant, between the legacies as proposed to be reduced in the affidavit of adjustment, to which there was no objection, and the distribution decreed. The executor does not explain the variance. Settle order on notice. Concur — Botein, P. J., Breitel, McNally, Stevens and Eager, JJ.

█ In the Matter of FANNIE KLEIN, Petitioner, v. DEPARTMENT OF STATE OF THE STATE OF NEW YORK, Respondent.— This is an article 78 proceeding in which petitioner seeks to review and annul a determination made by respondent revoking petitioner's license as a notary public and denying petitioner's application for a renewal of her license as a real estate saleswoman. The determination of the respondent is confirmed and the petition dismissed, with $20 costs and disbursements to the respondent. A hearing was held before respondent's Director of Licenses upon a complaint filed against petitioner and others. After the taking of testimony respondent determined that petitioner and one Helen Miller had conspired to perpetrate a fraud upon another and upon the court. Respondent concluded that petitioner was aware of and indeed had authorized the wrongful acts, and made the determination which is the subject of this appeal. Helen Miller surrendered her notary commission after the hearing, but before the order, and such surrender was accepted. The credibility of the witnesses appearing before respondent was for respondent to determine. Its finding will not be disturbed where, as here, there is substantial evidence to support its conclusion and order. Upon the facts and circumstances appearing here we cannot say respondent's determination was arbitrary or capricious. Concur — Botein, P. J., Breitel, McNally, Stevens and Eager, JJ.

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRED J. FLOYD, Appellant.— Judgment of conviction unanimously affirmed. No opinion. Concur — Botein, P. J., Rabin, Eager, Steuer and Noonan, JJ.

█ CENTURY FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellant, v. HERMAN MERS et al., Respondents.— Judgment unanimously affirmed, with costs to respondents. No opinion. Concur — Botein, P. J., Rabin, Eager, Steuer and Noonan, JJ. [35 Misc 2d 717.]

█ FEDERATED PURCHASER, INC., Appellant, v. FEDERATED ELECTRONICS, INC., Respondent.— Judgment, so far as appealed from, unanimously affirmed, with costs to respondent. No opinion. Concur — Botein, P. J., Rabin, Eager, Steuer and Noonan, JJ. [34 Misc 2d 108.]