■ In the Matter of FRANK DI ORIO, Petitioner, v. PATRICK V. MURPHY, as Chief of Police of the City of Syracuse, et al., Respondents.— Determination unanimously annulled, without costs, and matter remitted for further proceedings in accordance with the memorandum. Memorandum: Petitioner should have been permitted to present the proof offered by him to show that telephone conversations with his attorney concerning the charges against him were monitored by a Police Department wire tap. Such an interference with his right to private consultations with his lawyer would, if proven, constitute a denial of his right to be represented by counsel and might vitiate the hearing. (*Matter of Fusco* v. *Moses,* 304 N. Y. 424, 433; *Lanza* v. *New York State Joint Legis. Committee,* 3 N Y 2d 92, 98.) A further hearing is required to afford petitioner an opportunity to present such proof. A rehearing is also required because of respondents' failure to make proper findings in support of their decision. Although the hearing officer rendered a report to the Mayor and Chief of Police which purported to make findings of fact, no finding is contained therein that Nesci did or did not enter the police car to give police information to petitioner. No finding is made that if Nesci entered the car to give police information he did so as an authorized or unauthorized person within the meaning of section 40 of the General Rules of the Rules and Regulations for the government of the Department of Police, and no finding is made as to the truth or falsity of the testimony of any of the witnesses. The determination of the Mayor and Chief of Police contains no findings and does not adopt the findings of the hearing officer. Determinations subject to judicial review must be based on findings which are sufficient to inform the court and parties as to the findings made, the basis of the findings, and whether the findings are supportable by the evidence. (*Matter of New York Water Serv. Corp.* v. *Water Power & Control Comm.,* 283 N. Y. 23; *Matter of Carroll* v. *Huckle,* 274 App. Div. 1024; *Matter of Jackson* v. *Rohan,* 1 A D 2d 89; *Matter of Pasch* v. *Gerosa,* 18 A D 2d 982; 1 Benjamin, Administrative Adjudication, p. 251.) Such findings should be made by respondents upon the rehearing. (Review of determination of respondents suspending petitioner from his position as a policeman for 30 days, transferred by order of Onondaga Special Term.) Present — Bastow, J. P., Goldman, Henry, Noonan and Del Vecchio, JJ.