In the Matter of the NEW YORK CITY HOUSING AND REDEVELOPMENT BOARD, Appellant-Respondent, *v.* MAX H. FOLEY et al., Constituting the Board of Standards and Appeals of the City of New York, Respondents-Appellants, and CONSOLIDATED EDISON COMPANY OF NEW YORK, INCORPORATED, Respondent.

In the Matter of AMALIA V. BETANZOS et al., Appellants-Respondents, *v.* MAX H. FOLEY et al., Constituting the Board of Standards and Appeals of the City of New York, Respondents-Appellants, and CONSOLIDATED EDISON COMPANY OF NEW YORK, INCORPORATED, Respondent.

First Department, April 20, 1965.

*Fabian G. Palomino* of counsel (*Sol A. Liebman,* attorney), for New York City Housing and Redevelopment Board, appellant-respondent.

*Edward Robin* for Amalia V. Betanzos and others, appellants-respondents.

*Rose Schneph* of counsel (*Malcolm D. McDonald* with her on the brief; *Leo A. Larkin, Corporation Counsel,* attorney), for Board of Standards and Appeals, respondents-appellants.

*Charles F. Preusse* of counsel (*William T. Farley* and *Ansley Kime* with him on the brief; *Whitman, Ransom & Coulson,* attorneys), for respondent.

BASTOW, J. These proceedings (Administrative Code of City of New York, § 668e–1.0) to review a decision of the Board of Standards and Appeals (Board of Appeals) have been remanded by Special Term for further proceedings, including, if necessary, another hearing, the making of findings of fact and setting forth the pertinent provisions of the Zoning Resolution upon which the board predicated its action.

Respondent, Consolidated Edison Company, in June, 1963 applied to the Board of Appeals for a special permit (Zoning Resolution, §§ 22–21, 73–16) to use certain land in an R 7-2 zone district for an electric substation. Thereafter a hearing was held by the Board of Appeals on September 24, 1963 at which the vice-chairman of appellant, New York City Housing and Redevelopment Board (Housing Board), and others, appeared and entered objections to the grant of the permit.

In addition to the findings required by section 73–16 of the Zoning Resolution, it is mandated by subdivision (b) of section 73–11 thereof that the permit must be denied "whenever such proposed *use* will interfere with any public improvement project * * * which is approved by or pending before the Board of Estimate or the City Planning Commission". We assume for the purposes of this appeal that the Housing Board had sufficiently progressed its renewal programs (Morningside General Neighborhood Renewal Plan and Cathedral Parkway Project) so that it was a proper party in the proceeding before the Board of Appeals.

The subject property had been purchased in March, 1962 by Consolidated Edison from St. Luke's Hospital for the sum of $1,825,000. (Cf. *Matter of St. Luke's Hosp.*, 33 Misc 2d 888.) Briefly stated, the objection of the Housing Board centered upon its view that this site was needed as part of its plan to supply residential housing in the area. It conceded that it presently owned no lands in the project area but possessed the right of future condemnation. The Housing Board further suggested that Consolidated Edison could make use of an alternate site.

Consolidated Edison replied to these objections by setting forth certain disadvantages to the alternate site and suggested that if the chosen site was needed for additional housing it would agree to give the city for use by the Housing Board the air rights over the substation for the construction of residential apartment housing. This subject and the issue of granting the permit were further considered at hearings of the Board of Appeals on October 15 and November 6, 1963 but none of the objectors, including the Housing Board, appeared at any of the adjourned hearings.

Thereafter the Board of Appeals granted the permit subject to stated conditions including one that Consolidated Edison should agree to give the city air rights over the substation provided the city or the Housing Board within five years acquired the remaining contiguous property.

We find nothing arbitrary or capricious in this decision. There was substantial proof before the Board of Appeals to meet the requirements of section 73–16 of the Zoning Resolution. The issue as to whether the permit should have been denied because the proposed use would interfere with the proposed public improvement project was one for determination by the Board of Appeals and it cannot be found that its decision was not based on substantial evidence. "Zoning boards of appeals are made up not of theoreticians or doctrinaire specialists but of representative citizens doing their best to make accommodations between conflicting community pressures." (*Matter of Von Kohorn* v. *Morrell,* 9 N Y 2d 27, 34.)

Special Term, as stated, remanded the proceeding to the Board of Appeals for possible further hearings and the making of findings of fact. We see no need for a further hearing. We agree that the Board of Appeals should have made suitable factual findings to accompany its decision. This is a requirement of the Zoning Resolution (§§ 72–21, 73–02 and 73–11) and of decisional law (Anderson, Zoning Law and Practice in New York State, § 20.25). But the return herein to the petition to

review the decision of the Board of Appeals contains detailed factual findings sufficient to support the determination.

Thus, the issue presented is the necessity of remanding the proceeding for the making of formal factual findings as a part of a new decision in the face of adequate findings in the return. While disapproving the action of the Board of Appeals in failing to make initially adequate findings as a part of its decision, we conclude that the return before us is sufficient to decide the appeal (cf. *People ex rel. Fordham Manor Ref. Church* v. *Walsh,* 244 N. Y. 280, 287; *Matter of Community Synagogue* v. *Bates,* 1 N Y 2d 445, 454; *Matter of Hunter* v. *Board of Appeals,* 4 A D 2d 961). A remand for the sole purpose of transposing the material in the return to a new formal decision would serve no useful purpose.

Lastly, Special Term found the factual findings insufficient as to the necessity for a substation in the proposed location. In its return the Board of Appeals made findings as to the production of electric power at generating stations and the necessity for technical reasons to have substations located at strategic points; that the Morningside Heights area is presently served by the West 65th Street and Hellgate stations; that there is a need for an additional station in that area because of the plans for increased housing therein. Such proof was submitted at the hearing and there was read into the record an incidental finding made in the proceeding where permission was granted to the prior owner to sell to Consolidated Edison (cf. *Matter of St. Luke's Hosp.,* 33 Misc 2d 888, 891, *supra*). Finally, and most important, this specific issue was never presented at any hearing (cf. *Matter of Von Kohorn* v. *Morrell,* 9 N Y 2d 27, 33, *supra*). The original contention of the Housing Board was that the station should be located north of 126th Street. During the hearing it retreated to the view that an alternate site at 109th Street and Manhattan Avenue would be more appropriate. But the contention was never advanced that a site in the general area was not requisite. The findings on this issue were sufficient.

The orders entered September 14, 1964, granting the petition, remitting the proceeding to the Board of Standards and Appeals and denying the motion to vacate the order of certiorari should be reversed, on the law, on the facts, and in the exercise of discretion, and the motion to vacate the order of certiorari, dismiss the petition and confirm the determination of the Board of Standards and Appeals should be granted, with costs and disbursements.

BREITEL, J. P., RABIN, McNALLY and STEVENS, JJ., concur.

Orders, entered on September 14, 1964, granting the petition, remitting the proceeding to the Board of Standards and Appeals and denying the motion to vacate the order of certiorari, unanimously reversed, on the law, on the facts, and in the exercise of discretion, and the motion to vacate the order of certiorari, dismiss the petition and confirm the determination of the Board of Standards and Appeals granted, with $30 costs and disbursements to respondents-appellants. Appeals from orders entered on July 13, 1964, striking petitioners' reply dismissed as academic. Settle order on notice.