In the Matter of EDSON J. TEGELER et al., Appellants, v. DEPARTMENT OF STATE OF THE STATE OF NEW YORK et al., Respondents.— *Per Curiam.* In an article 78 CPLR proceeding — transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by an order of the Supreme Court at Special Term — petitioner Tegeler, a licensed real estate broker, and petitioner Sattinger, a licensed real estate salesman, seek to review and annul a determination by respondents suspending their respective licenses after a hearing pursuant to section 441-e of the Real Property Law. The disciplinary actions were based on a finding of petitioners' "demonstrated untrustworthiness" to act as real estate brokers (Real Property Law, § 441-c, subd. 1). Upon review our judicial function is limited to a decision of the question whether the administrative determination viewed in the light of the record as a whole is supported by substantial evidence. (*Matter of Stork Rest.* v. *Boland,* 282 N. Y. 256; *Matter of McCormack* v. *National City Bank,* 303 N. Y. 5; *Matter of Frank* v. *Department of State,* 14 A D 2d 139, 143, mot. for lv. to app. den. 10 N Y 2d 706, mot. for rearg. den. 10 N Y 2d 708.) The finding that petitioners with knowledge of the existence of a prior contract of purchase and sale of premises situate in the Town of Callicoon, Sullivan County, induced its breach by the owners for the purpose of substituting in lieu thereof a new agreement for the sale of the same property with the licensees as purchasers

(19 NY.CRR 175.9) is supported by inferences which reasonably could be drawn from the evidence presented. Respondents' conclusion that such conduct constituted, within the contemplation of the statute, a demonstration of untrustworthiness has warrant in the record and reasonable basis in law and was neither arbitrary nor capricious. (*Matter of Park East Land Corp.* v. *Finkelstein,* 299 N. Y. 70.) Petitioners argue that the pre-existing contract never achieved the status of an enforcible instrument susceptible of an induced breach for an alleged failure of its delivery to the purchasers after it had been executed by the sellers. The difficulty with this thesis it that the record makes manifest that no such legal infirmity, if indeed such there was, prompted the commission of the acts for which petitioners have been disciplined. Nor can we uphold their contention that the finding of untrustworthiness was unwarranted for the reason that they relied upon the advice of their attorney as to the unenforcibility of the prior contract of purchase and sale. The record clearly demonstrates that his professional counsel pertained to the question of their responsibility as prospective purchasers of the property for any breach of the pre-existing contract by the owners and not to their duties and obligations as licensees under the provisions of the Real Property Law. Determination confirmed, and interim stay vacated, with $50 costs. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.