■    In the Matter of LEO BORENSTEIN et al., Petitioners, v. JOHN P. LOMENZO, as Secretary of State of the State of New York, Respondent.— Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Secretary of State which revoked petitioners' real estate licenses. The petitioner, Borenstein, held a real estate broker's license, and the petitioners,

Bald and Slochowsky, held real estate salesmen's licenses. The three were partners in Jalco Realty Company which had no real estate broker's license. Prior to 1967, Jalco Realty was the owner and manager of an apartment house in Brooklyn. On October 24, 1967 the property was conveyed to Donald Hodes, and, under the terms of sale, petitioners held a mortgage and were to manage the property for an annual fee of $3,000. In March, 1971 an investigator for the Secretary of State's office filed a complaint against the petitioners, upon the ground that their partnership, Jalco Realty Company, was managing the apartment building without a broker's license, in violation of section 440-a of the Real Property Law. In April, 1971 petitioners were sent a notice, charging them with violations of the Real Property Law and advising them of their rights. Enclosed with the notice was the investigator's sworn complaint, detailing the violations. After the hearing, the Secretary of State ordered petitioners' licenses revoked for a violation of section 440-a of the Real Property Law and upon the ground that they had demonstrated untrustworthiness. The petitioners then commenced this proceeding to review that determination. The petitioners maintain that the Secretary's determination of untrustworthiness was not supported by substantial evidence, that the notice of the charges was deficient in that it was not specific enough and that the revocation was excessive and unduly disproportionate to the offense, since the violation was a technical one. Since the petitioners admitted that Jalco Realty Company was acting as managing agent for the property and had no broker's license, there was a clear violation of section 440-a of the Real Property Law. In addition, it appears that the petitioners submitted a questionnaire in support of a loan request which listed Jalco Realty Company as the owner, failed to divulge the existence of the fourth mortgage and erroneously reported the management fee to be $5,000. The Secretary of State has wide discretion in determining what constitutes untrustworthiness (*Matter of Gold* v. *Lomenzo,* 29 N Y 2d 468, 476). Certainly, such a finding here, based upon the misrepresentations or omissions in the loan request, could not be deemed arbitrary and capricious and unsupported by substantial evidence. As to petitioners' claim that the notice was defective, we also disagree. The notice, with affidavit attached, specifically referred to the sections of the Real Property Law upon which the charges were based and the actions which brought about the charges. Such notice is sufficient (*Matter of Triolo* v. *Department of State of State of N. Y.,* 37 A D 2d 641). Regarding petitioners' final contentions, it should be noted that all three petitioners, prior to this incident, had unblemished records. This and mitigating circumstances, arising from petitioners' former ownership and management of the property, require us to conclude that the revocations were unduly disproportionate and that a suspension of the licenses for six months is appropriate. Determination modified by reducing the suspension of the licenses in each case to six months, and, as so modified, confirmed, without costs. Staley, Jr., J. P., Greenblott, Cooke, Kane and Main, JJ., concur.