In the Matter of NORTON BLOOM, as Representative Broker of Levittown Equities, Inc., Petitioner, v JOHN P. LOMENZO, as Secretary of State of the State of New York, Respondent.

In the Matter of JOSEPH CANFORA, a Real Estate Broker, Petitioner, v JOHN P. LOMENZO, as Secretary of State of the State of New York, Respondent.

In the Matter of EDWARD MILLER, a Real Estate Broker, Petitioner, v JOHN. P. LOMENZO, as Secretary of State of the State of New York, Respondent.

Third Department, December 11, 1975

*Tabner, Carlson, Daffner & Farrell (John W. Tabner* of counsel), for petitioners.

*Louis J. Lefkowitz, Attorney-General (Martin J. Siegel* and *Ruth Kessler Toch* of counsel), for respondent.

KOREMAN, J. These proceedings arise out of the interim financing of a mortgage loan on certain real property and dwelling owned by Mr. and Mrs. Emerson Talbott who were in financial straits and against whom foreclosure proceedings had been commenced by the savings bank holding a first mortgage on their property. Petitioner Norton Bloom is the representative broker and president of Levittown Equities, Inc., a real estate finance brokerage corporation, which advertised offers of mortgage money to financially distressed homeowners. Petitioner Joseph Canfora is a real estate broker associated with Levittown Equities, Inc., who dealt directly with prospective borrowers. Petitioner Edward Miller is an attorney and real estate broker whose mother-in-law was the sole officer of a corporation, Flamingo Associates, which engaged in the business of investing in second mortgage loans. He also served as attorney for Mr. Bloom and Levittown Equities, Inc. Milton Berlin is an officer of Westnau Land Corporation engaged in the purchase of leaseback of residential property from owners in financial distress, and is also a client of petitioner Miller. As a result of the transactions of refinancing involving the parties referred to herein a complaint was filed against the petitioners with respondent, and, after a hearing held pursuant to section 441-c of the Real Property Law, respondent found petitioners guilty of untrustworthiness and conditionally suspended their broker's license. These proceedings to review respondent's determination ensued.

The findings of untrustworthiness by respondent are based on the fact that, as to petitioner Canfora, he misled and misrepresented to the owners of the property that when the interim financing by the Flamingo Associates mortgage loan

was consummated, that he, Canfora, would pursue the matter of obtaining an FHA mortgage loan under the hardship clause of FHA regulations, but in fact Canfora made no effort to do so. As to petitioner Bloom respondent found that, as representative broker of Levittown Equities, Inc., he and petitioner Canfora improperly received commissions of 15% of the mortgage loan of $16,000 or $2,400, despite the fact that the owners of the property had agreed to pay 3% of any mortgage loan obtainable. Respondent concluded that this amounted to exacting of an unconscionable fee. As to petitioner Miller, respondent found that, with his superior knowledge and experience as an attorney and a licensed broker, in approving the subject mortgage loan under the terms and conditions therein, Miller took advantage of the owners of the property who were not represented by counsel. The mortgage loan was made by Flamingo Associates, assertedly owned by Miller's mother-in-law. Respondent found further that petitioners Canfora and Bloom prevailed upon the owners to accept such interim loan to allow them sufficient time to rehabilitate their credit standing for the pending FHA mortgage loan, and then Canfora and Bloom did nothing to effectuate the FHA loan, reflecting a conspiracy among petitioners to induce the default of the owners on the Flamingo mortgage, so that petitioner Miller could invoke its penalty provisions; that after commencement of proceedings to foreclose the Flamingo Associates mortgage one Milton Berlin, a client of petitioner Miller, purchased the property, at the purchase price of $100 more than its appraised value, leased it back to the owners for two years at a rental of $250 per month with an offer to sell it back to the owners whenever they desired; that out of the proceeds of the sale the said Milton Berlin satisfied the Flamingo mortgage of $16,000 with penalty interest of $818 plus $3,200 in legal fees (20% of $16,000), and the balance of $6,000 due the owners was withheld until they vacated the premises. Upon his conclusion that petitioners have demonstrated untrustworthiness and engaged in fraudulent practices, the licenses of Canfora and Bloom were suspended conditioned upon their reimbursing the owners in the sum of $2,400 representing commissions received by them for negotiating the Flamingo mortgage loan, and, in addition to reimbursing the owners, their licenses were suspended for one year to commence May 15, 1972 or in lieu thereof a fine of $500 each was assessed. The license of Edward Miller was suspended conditioned upon his filing satisfactory proof that he has reimbursed the owners

in the sum of $4,368 representing fees received by him on the subject transaction in the amount of $3,200 and $350 and the penalty interest of $818.

The authority to revoke or suspend the license of a real estate broker if guilty of demonstrable untrustworthiness is vested by statute in the Department of State. (Real Property Law, § 441-c.) Although recognizing the inherent flexibility in the term "untrustworthiness", it has been established that, in determining what should be deemed untrustworthy conduct, there should be such factual presentation concerning acts or conduct by the licensee or his agent as would warrant a conclusion of unreliability and which establishes that any confidence or reasonable expectation of fair dealing to the general public would be misplaced. It is apparent from the wording of the statute that the Legislature intended that the Secretary of State, who has the obligation of protecting the public against wrongdoing or incompetency, be vested with wide discretion in determining "untrustworthiness". (*Matter of Gold v Lomenzo,* 29 NY2d 468, 477; *Matter of Chiaino v Lomenzo,* 26 AD2d 469, 472.)

We conclude from an examination of the record as a whole that there is substantial evidence to sustain respondent's determination of untrustworthiness, and, consequently, we should not disturb it. (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale and Mamaroneck,* 34 NY2d 222.)

The determination should be confirmed, and the petition dismissed, without costs.

HERLIHY, P. J., SWEENEY, KANE and LARKIN, JJ., concur.

Determination confirmed, and petition dismissed, without costs.