In the Matter of L. A. GRANT REALTY, INC., et al., Petitioners, v MARIO M. CUOMO, as Secretary of State of the State of New York, Respondent.

Fourth Department, July 12, 1977

Brennan, Tesseyman, Zelman, Runfola, Brownstein & Loonsk *(William Brennan* of counsel), for petitioners.

*Louis J. Lefkowitz, Attorney-General (Bruce R. Schmidt* and *Ruth Kessler Toch* of counsel), for respondent.

WITMER, J. In this article 78 proceeding pursuant to section 441-f of the Real Property Law, transferred to this court, petitioners seek review and annulment of the determinations by respondent Secretary of State, reprimanding petitioner L.A. Grant Realty, Inc. (Grant), as represented by petitioner Alvin Rutstein, real estate broker, for demonstrated untrustworthiness and incompetence in the supervision of salesman Arthur Fornes and suspending said Arthur Fornes for one month for demonstrated untrustworthiness as a licensed real estate salesman, pursuant to section 441-c of the Real Property Law.

The charges against petitioners grew out of a written contract, dated in March, 1974, by Lillian Cowie to sell and by Howard T. Sutton to buy certain real property situated in the City of Buffalo, New York, owned by Cowie, which contract was procured by petitioner Fornes. After prolonged delays the sale was not consummated because of Sutton's lack of funds. Cowie eventually complained to the Better Business Bureau, the local Real Estate Board and to the Secretary of State with respect to the conduct of petitioners. After investigating the complaint, respondent Secretary of State made the charges of untrustworthiness and incompetence against petitioners, and a hearing officer conducted a full-blown hearing thereon pursuant to section 441-e of the Real Property Law, which resulted in the determinations which petitioners now seek to have annulled.

The scope of our review of respondent's determinations herein is limited to ascertaining whether the record contains substantial credible evidence upon which respondent could reasonably conclude (1) that petitioners Grant and Rutstein demonstrated untrustworthiness and incompetence in their supervision of salesman Fornes and (2) that petitioner demonstrated untrustworthiness as a licensed real estate salesman, within the provisions of section 441-c of the Real Property Law *(Kostika v Cuomo,* 41 NY2d 673, 676; *Matter of Lynch's Bldrs. Rest. v O'Connell,* 303 NY 408; *Matter of Stork Rest. v*

*Boland,* 282 NY 256, 267, 274; *Matter of Tegeler v Department of State of State of N. Y.,* 23 AD2d 917; *Matter of Klein v Department of State of State of N. Y.,* 18 AD2d 795).

Section 441-c of the Real Property Law provides in part that, "The department of state may revoke the license of a real estate broker or salesman or suspend the same, for such period as the department may deem proper, or in lieu thereof may impose * * * a reprimand * * * if such licensee has * * * demonstrated untrustworthiness or incompetency to act as a real estate broker or salesman, as the case may be".

The record reveals substantial evidence, albeit disputed in some material respects, to support respondent's conclusion that petitioners violated the above-quoted provisions of section 441-c of the Real Property Law. There was credible testimony that when Fornes procured Sutton's signature to the offer to buy Cowie's property he knew that Sutton was without financial ability to complete the purchase; that another person, Weir, was interested in the property and induced Sutton to sign the purchase offer; that Weir himself had no funds with which to complete the purchase, but hoped to realize some cash from an equity in a house on which the mortgage was being foreclosed, which house he had asked Fornes to sell. The latter transaction never materialized. Although the offer provided that Sutton pay to petitioner broker the sum of $100 and that upon its acceptance by Cowie an additional $950 would be paid as a deposit on the contract, in which Sutton would pay $17,500 for the property, Fornes received neither down payment. He did not, however, advise Cowie of this, for he hoped to receive the down payment within a few weeks; but it was not forthcoming. The contract provided for closing on March 29, 1974, but at the purchaser's request, communicated to Cowie by Fornes, the closing date was adjourned for one month and thereafter to July 1 and then to late August. Fornes failed to advise Cowie that the purchaser was without the necessary funds, but in the summer he attributed the delay to Sutton's illness; and in mid-August he even induced Cowie to leave unrented an apartment in the premises which had just become vacant, so that the buyer could move into it. It was not until August 30 that Cowie was advised that the sale was not being completed because the purchaser did not have the means needed to close. At this same time Cowie first learned that Sutton was only a "front" for Weir. At that late date Fornes still assured Cowie that Sutton wanted to go

through with the contract, and he arranged a September closing date, with Cowie agreeing to accept a mortgage for part of the price. This closing date was also later canceled.

Petitioner Rutstein, the representative real estate broker for Grant for which Fornes worked as a salesman, knew of this contract in March, 1974 and knew that no down payment was made thereon, although it was the policy of Grant to obtain the deposit at signing of a contract Rutstein directed Fornes to collect the down payment. On April 8, 1974 Rutstein noted in his record that Fornes had not yet obtained the down payment and that the deal was "weak", and he suggested to Fornes that the parties cancel the contract on an exchange of releases; but Fornes assured him that the money would be forthcoming and that he wanted to carry on with the deal. During the summer of 1974 Rutstein was aware that the deal was not being closed, but he did nothing. After Grant and he were served with a summons and complaint in an action for damages because of the foregoing, he suggested to Cowie that the property be put back on the market for sale.

Although specific findings of fact were not made by the hearing officer or respondent, petitioners have not objected thereto, and they merely assert that the evidence does not support respondent's determinations. Findings of fact should be made so that the persons charged may know the bases of the determination (*Matter of New York Water Serv. Corp. v Water Power & Control Comm.,* 283 NY 23, 30; *Matter of Parmadale Development v Planning Bd. of Town of Parma,* 35 AD2d 904; *Matter of Di Orio v Murphy,* 20 AD2d 754). In this proceeding, however, the issue was simply as to petitioner's trustworthiness, and respondent's determinations actually constituted acceptance of the facts as charged and supported in the testimony. There being no prejudice to petitioners, even if objection were made to the lack of findings, we would find it unnecessary to remit to respondent to make formal findings of fact (see *Matter of Fink v Cole,* 1 NY2d 48, 54; *Matter of New York City Housing and Redevelopment Bd. v Foley,* 23 AD2d 84, affd 16 NY2d 1071; 23 Carmody-Wait 2d, NY Prac, § 145:18, p 455). The evidence clearly justifies respondent's conclusions that petitioners violated section 441-c of the Real Property Law as charged, to wit, (1) that Fornes failed to secure a down payment on the purchase offer-contract without advising seller Cowie thereof; he deceived Cowie as to the reason for the delays in the closing and concealed the fact of

the purchaser's financial inability to perform the contract; and he induced Cowie to sustain rental loss by leaving an apartment vacant for the purchaser when he had reason to know that there was slight chance of the deal being completed; and (2) that Rutstein failed to give competent and trustworthy supervision of Fornes, especially after being fully informed of the facts concerning the proposed transaction.

The statutory authorization, above quoted, to respondent Secretary of State to discipline real estate brokers who demonstrate untrustworthiness has withstood the attack that it is unconstitutionally vague *(Matter of Gold v Lomenzo,* 29 NY2d 468). In that provision the Legislature intended to vest in the Secretary of State "a wide discretion in determining what should be deemed untrustworthy conduct" *(id.,* p 477; and see *Matter of Bloom v Lomenzo,* 50 AD2d 1, 4; *Matter of Chiaino v Lomenzo,* 26 AD2d 469, 472).

In listing real property for sale and seeking a buyer for it a broker is an agent for the owner (6 NY Jur, Brokers, § 29). As such, he is in a position of trust and owes a duty of good faith and loyalty to his principal *(Lamdin v Broadway Surface Adv. Corp.,* 272 NY 133; *Anglo Eastern Trading Co. v New Tread Tire Co.,* 222 App Div 475, 477; Realty Broker or Salesman— License, Ann 56 ALR2d 573, 574); and he must disclose to his employer, the owner, all material information that he has concerning an offer or contract which he presents to the owner for acceptance *(Moffat v Gerry Estates,* 259 App Div 403, 405; 6 NY Jur, Brokers, § 30; and see *Johnson v Winslow,* 155 Misc 170, affd 246 App Div 800, affd 272 NY 467).

There is no evidence in this case that Fornes had or was seeking to acquire for himself any interest with Sutton or Weir in his employer's property; but his interest in earning a commission by securing a sale to Sutton in behalf and through the aid of Weir overcame his judgment and the performance of his duty to Cowie. In fact, contrary to the right of his principal to know the facts, he was working for the purchaser (see *Dickinson v Tysen,* 209 NY 395; *Abel v Disbrow,* 15 App Div 536). He failed to advise owner Cowie that Sutton was without funds; that Sutton was not really the party in interest as a purchaser; and that Weir was the man seeking to accomplish the purchase, but lacked the funds to complete the transaction. Under such circumstances Fornes knew that he did not have a purchaser who was ready, able and willing to

buy *(Globerman v Lederer,* 281 App Div 39, 42; 6 NY Jur, Brokers, § 107).

Moreover, as glaring proof to him of his buyer's lack of resources, Fornes knew that neither Sutton nor Weir had the money for the initial deposits on the contract ($100 on signing the offer and $950 on its acceptance), and yet he failed to advise his principal thereof. This failure justified respondent's determination that Fornes demonstrated untrustworthiness as a real estate salesman (see *Moore v Commonwealth of Pa. State Real Estate Comm.,* 9 Pa Commonwealth 506; *de St. Germain v Watson,* 95 Cal App 2d 862, 867-870). The failure of Fornes to inform his principal of the financial weakness of the purchaser presumptively influenced her in her acceptance of the offer. Fornes' continued misrepresentation of the reasons for the delay in closing, and his action even to induce Cowie to leave an apartment vacant so that the purchaser might enter, were gross breaches of his professional responsibility, all based on his personal interest (see *John J. Reynolds, Inc. v Snow,* 11 AD2d 653, affd 9 NY2d 785).

We do not find that the punishment of reprimand to L. A. Grant Realty, Inc., represented by Alvin Rutstein, broker, was excessive nor that the punishment of suspension for one month of the real estate salesman's license of Arthur Fornes was excessive (see *Kostika v Cuomo,* 41 NY2d 673, 677, *supra; Matter of Borenstein v Lomenzo,* 41 AD2d 1007; *Matter of O'Donnell v Lomenzo,* 32 AD2d 885).

We find no merit in petitioner's objection that complainant Cowie's personal attorney was allowed to sit by her side during the proceeding before the hearing officer and was allowed to participate in the examination and cross-examination of witnesses.

The determinations by respondent should, therefore, be confirmed and the petition dismissed.

CARDAMONE, J. P., SIMONS, HANCOCK and DENMAN, JJ., concur.

Determinations unanimously confirmed, without costs, and petition dismissed.