■ In the Matter of PHILIP GUDINSKY, Petitioner, v MARIO M. CUOMO, as Secretary of State of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78, *inter alia,* to review so much of a determination of the Secretary of State of the State of New York, dated March 25, 1976, as, after a hearing, held that petitioner Philip Gudinsky had demonstrated untrustworthiness (Real Property Law, § 441-c) and (1) suspended his real estate broker's license for a period of two months and (2) further indefinitely suspended said license until proof is furnished that $2,340 was returned to the complainants. Determination confirmed insofar as reviewed and proceeding dismissed on the merits, with costs. There is substantial evidence on the record to support the finding that Philip Gudinsky demonstrated untrustworthiness when he (1) maneuvered the complainants into signing a contract for the sale of their house that was potentially unfavorable to them, (2) gave the complainants the impression that points would be paid out of his commission, while aware of the fact that no points were to be charged, and (3) obtained an effective commission rate of 13.2% on the transaction, although he normally received a rate of 7% for the services rendered (see *Matter of Gold v Lomenzo,* 29 NY2d 468; see, also, *Matter of Grant Realty v Cuomo,* 58 AD2d 251). The conditional suspension imposed in this case was within respondent's authority. The Secretary of State has inherent power to impose conditions on license suspensions provided that the conditions are " 'reasonable and relate to the broker's professional activities as to matters which are within [the Secretary's] official province and area of control' " *(Matter of Berlow v Lomenzo,* 49 AD2d 160, 166). In view of the nature of the misconduct found by respondent, the punishment does not warrant judicial correction (see *Kostika v Cuomo,* 41 NY2d 673). Shapiro, J. P., Cohalan, Margett and O'Connor, JJ., concur.