■ In the Matter of NEVADA REALTY CORPORATION et al., Petitioners, v BASIL A. PATERSON, as Secretary of State of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the Secretary of State of the State of New York, dated September 11, 1981, which, after a hearing, held that the petitioners, Nevada Realty Corporation and Julio Gallardo, had demonstrated untrustworthiness and imposed a penalty. Determination confirmed and proceeding dismissed, on the merits, with costs. George and Claire Pappas listed their house for sale with Lewis and Murphy Realty. That listing provided for the seller to pay a broker's commission of 6% of the sales price, and to pay any FHA placement points. Petitioner Nevada Realty Corporation and petitioner Julio Gallardo, Nevada's representative broker, received the listing from the Multiple Listing Service of Long Island, Inc. Under the terms of the listing, if petitioners were to make a sale, they would receive 65% of the 6% commission with the remaining 35% going to the listing broker. Subsequently, the petitioners and sellers agreed that instead of the original commission, the sellers would pay a flat $7,600, to include all mortgage costs. It is disputed who presented such agreement but the sellers complained that they were induced into this fee arrangement by

petitioners, since Mr. Gallardo placed them in fear of excessive mortgage costs. Out of the $7,600, the mortgage company received $3,000, the listing broker received $1,112.79, which was 35% of 6% of the selling price, and petitioners received $3,487.21, which was $1,420.60 in excess of 65% of 6%. The Secretary of State found the petitioners had demonstrated "untrustworthiness" (see Real Property Law, § 441-c). We agree that a broker, as a matter of law, may not make a profit in excess of a fair commission as a result of what is nothing more than speculating on the mortgage market (see *Matter of Brennan v Cuomo,* 69 AD2d 881; *Matter of Gudinsky v Cuomo,* 64 AD2d 899; cf. *Matter of Gold v Lomenzo,* 29 NY2d 468). In this instance, a fair commission is the 6% initially agreed upon. The Legislature has given the Secretary of State wide discretion in determining what conduct can constitute "untrustworthiness" *(Matter of Stowell v Cuomo,* 52 NY2d 208). Our scope of review is limited to ascertaining whether the record contains substantial evidence upon which the Secretary of State could reasonably conclude that petitioners demonstrated "untrustworthiness"; it is not within our province to substitute our judgment for that of the administrative agency *(Kostika v Cuomo,* 41 NY2d 673, 676; *Matter of Pell v Board of Educ.,* 34 NY2d 222). We conclude that the determination of the Secretary of State, that the conduct of petitioners constituted "untrustworthiness" according to section 441-c of the Real Property Law, is supported by substantial evidence. Thompson, J. P., Bracken, Rubin and Boyers, JJ., concur.