■ In the Matter of JAMES TRIVELAS, Individually and as Representative Broker of J. P. Trivelas Real Estate Co., Inc., Petitioner, v BASIL A. PATERSON, as Secretary of State of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent Secretary of State, dated September 8, 1981, which, after a hearing, found that petitioner was guilty of untrustworthiness and suspended his real estate broker's license for one month, or in lieu thereof, imposed a fine of $500. Petition granted, determination annulled, on the law, without costs or disbursements, the charges against petitioner dismissed and matter remitted to the respondents for further proceedings, if any, as they may deem warranted. Petitioner was found to have demonstrated "untrustworthiness" within the meaning of section 441-c of the Real Property Law by virtue of his failure to obtain advance assurances from the lender on a Federal Housing Administration mortgage that only market points would be charged. As construed by respondents, market points mean the amount of points prevailing in the market at the time of closing and not whatever points might be charged by a particular lender. The essence of respondents' determination is that petitioner breached a duty to exercise reasonable care in choosing a lender. While denoted "untrustworthiness", what respondents actually refer to is negligence by petitioner. Although respondents are to be afforded a wide latitude in defining what conduct should be deemed untrustworthy (*Matter of Gold v Lomenzo,* 29 NY2d 468), untrustworthiness does not equate with purely negligent acts. "There is a great deal of difference between charges of fraudulent practices and demonstrating untrustworthiness, and a charge of demonstrating incompetence. The statute itself distinguishes them by separately mentioning each as grounds" (*Matter of Juba v Department of State,* 35 AD2d 633; see Real Property Law, § 441-c). Untrustworthiness is akin to violation of a professional norm (see *Matter of Gold v Lomenzo, supra,* p 478) and contemplates such bad faith as would cast doubt on one's character and fitness to act as a broker (see, e.g., *Matter of Gudinsky v Cuomo,* 64 AD2d 899; *Matter of Borenstein v Lomenzo,* 41 AD2d 1007; *Matter of Grant Realty v Cuomo,* 58 AD2d 251). Insofar as respondents' determination absolved petitioner of bad faith but rested on his negligent failure to protect his client, the seller, respondents' determination of untrustworthiness is not supported by substantial evidence (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180). In addition, the notice of charges against petitioner was

deficient. "When proceedings involving a charge of untrustworthiness are brought, the charge should be definite so that the accused might know against what he has to defend" (*Matter of Chiaino v Lomenzo,* 26 AD2d 469, 472; Real Property Law, § 441-e). Although the affidavit detailing the charges at bar concluded that petitioner had demonstrated untrustworthiness and incompetence, none of the allegations pertained to the breach of duty by petitioner ultimately found. Consequently, respondents' determination cannot stand (cf. *Grimm v Department of State,* 56 AD2d 591). Gibbons, J. P., Thompson, Weinstein and Niehoff, JJ., concur.