■ In the Matter of ROBERT FACEY et al., Petitioners, v DEPARTMENT OF STATE, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent, dated August 25, 1986, which, after hearing, found that the petitioner Facey, a licensed real estate broker, demonstrated untrustworthiness and that the petitioner Hall, a notary public, engaged in misconduct, and imposed penalties.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

In a prior administrative proceeding, the petitioner Facey was charged with untrustworthiness and incompetence, *inter alia,* for failure to satisfy a judgment against him. At a hearing on the charge in December 1984, the petitioner Facey testified that the judgment was paid on June 28, 1984, and presented a satisfaction of judgment notarized by the petitioner Hall on June 28, 1984. The charges were dismissed. The complainant did not appear. After a posthearing investigation, the petitioner Facey was charged, *inter alia,* with untrustworthiness in that he offered the satisfaction of judgment to the office of the Secretary of State with intent to defraud and deceive, knowing that the satisfaction of judgment was falsely dated and improperly notarized. The petitioner Hall was charged, *inter alia,* with engaging in misconduct in that she affixed her notarial stamp and signature to an acknowledgment that the judgment creditor personally came before her on June 28, 1984, and that he was known to her, when, in fact, the petitioner Hall and the judgment creditor had never met. It is uncontested that the judgment was satisfied prior to the December 1984 hearing. However, the judgment creditor appeared and testified that the judgment was not satisfied until the day before the December hearing and that the satisfaction was not notarized.

At the hearing on the instant charges, conflicting versions of the transaction were presented concerning when the judgment was paid and whether the signing of the satisfaction of judgment was witnessed by the petitioner Hall. Such questions of fact and credibility are within the authority of the Secretary of State to resolve and we cannot say that the respondent was required to accept the petitioners' account of what transpired *(see, Matter of Collins v Codd,* 38 NY2d 269).

The Legislature has given the Secretary of State wide discretion in determining what conduct constitutes untrustworthiness and an appropriate penalty *(see, Matter of Gold v Lomenzo,* 29 NY2d 468; *Matter of Nevada Realty Corp. v*

*Paterson,* 90 AD2d 485, *lv denied* 58 NY2d 604). The record contains substantial evidence on which the Secretary of State could reasonably conclude that petitioner Facey demonstrated "untrustworthiness" pursuant to Real Property Law § 441-c, and the determination must be confirmed as to him *(see, Matter of Nevada Realty Corp. v Paterson, supra).* Similarly, we confirm the determination as to the petitioner Hall that she engaged in misconduct, namely, that she violated Executive Law § 135-a (2).

Finally, we do not find the penalties imposed shocking to one's sense of fairness so as to require modification *(see, Matter of Butterly & Green v Lomenzo,* 36 NY2d 250). Lawrence, J. P., Kunzeman, Kooper and Spatt, JJ., concur.