■ In the Matter of LARRY GISE, Petitioner, v GAIL S. SHAFFER, as Secretary of State of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Secretary of State, dated July 22, 1988, which, upon a finding, made after a hearing, that the petitioner had "demonstrated incompetence and untrustworthiness", revoked his real estate salesperson license and denied his application for a real estate broker license.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

Contrary to the petitioner's contention, the respondent's determination finding that he demonstrated incompetence and untrustworthiness *(see,* Real Property Law § 441-c) is rational and supported by substantial evidence in the record *(see, e.g., Matter of Facey v Department of State,* 132 AD2d 698; *Matter of Nevada Realty Corp. v Paterson,* 90 AD2d 485). The hearing evidence, including the petitioner's own testimony, establishes that he submitted and certified as true an application for a real estate broker license which contained numerous blatantly false statements regarding his degree of participation in various real estate transactions. Although the petitioner maintains that these statements merely resulted from oversight or neglect on his part, the issue of the petitioner's credibility was for the trier of fact, and his determination that the petitioner's explanation was not credible is amply supported by the evidence *(see, Matter of Martin v Adduci,* 138 AD2d 599; *Matter of Facey v Department of State, supra).* Accordingly, we discern no basis upon which to disturb the challenged determination.

Additionally, under all the circumstances presented, we do not find the penalty imposed to be so disproportionate to the offense as to be shocking to one's sense of fairness *(see, Kostika v Cuomo,* 41 NY2d 673; *see, e.g., Matter of Benvenuto v Suffolk County Dept. of Consumer Affairs,* 144 AD2d 455; *Matter of Eich v Shaffer,* 136 AD2d 701; *Matter of Gibralter Auto Servs. v State of New York Dept. of Motor Vehicles,* 134 AD2d 590). Bracken, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.