■ JOSEPH P. DAY REALTY CORP., Respondent, v MAYFLOWER AGENCY CO., INC., Appellant.—Order and judgment, Supreme Court, New York County (Burton S. Sherman, J.), respectively entered August 17, 1990 and September 12, 1990, granting plaintiff's motion for summary judgment in the sum of $55,250 plus interest, costs and disbursements and severing defendant's counterclaim, unanimously reversed, on the law, the judgment vacated and plaintiff's motion for summary judgment denied, with costs and disbursements.

In this action to recover a real estate broker's commission, questions of fact are presented as to whether plaintiff through its vice president Arida violated its fiduciary obligation to its client, defendant-lessor, by substituting without the approval of defendant's general counsel certain terms in the subject lease less favorable to defendant and more favorable to the lessee bank with whom the vice president allegedly had an ongoing business relationship. Such a breach, if proven, would result in the forfeiture of any right of compensation (*John J. Reynolds, Inc. v Snow*, 11 AD2d 653, *affd* 9 NY2d 785).

Regarding the fact that the corporate brokerage license failed to mention Mr. Arida, who was individually licensed as a broker, we find such lack of compliance with Real Property Law § 441-b (2) not a bar to any possible recovery and distinguishable from the situation in *Brener & Lewis v Fawcett Publs.* (197 Misc 207, *affd* 276 App Div 994, *lv denied* 276 App Div 1081), where the addition of a person with a salesman's license to a corporate brokerage license was expressly prohibited by the statute. The purpose of sanctions for lack of compliance with relevant licensing laws is to protect the public, " 'not to permit others to take advantage of the violation of the statute to escape their obligations' ". *(Galbreath-Ruffin Corp. v 40th & 3rd Corp.,* 19 NY2d 354, 362-363, quoting Pound, J., in *Bendell v De Dominicis,* 251 NY 305, 310.) Concur—Murphy, P. J., Sullivan, Carro, Wallach and Kupferman, JJ.