■ In the Matter of KEVIN FOGEL, Petitioner, v DEPARTMENT OF STATE OF THE STATE OF NEW YORK, Respondent. [619 NYS2d 104] —Proceeding pursuant to CPLR article 78 to review a determination of the Department of State of the State of New York, dated January 12, 1993, which, after a hearing, found that the petitioner demonstrated untrustworthiness, denied the petitioner's application to renew his license as a real estate salesperson, and denied his application for a real estate broker's license.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The petitioner was denied renewal of his real estate salesperson's license and denied a real estate broker's license based upon the respondent's conclusion that the petitioner's prior criminal conviction for sexual misconduct rendered him, inter alia, "untrustworth[y]" within the meaning of Real Property Law § 441-c (1).

It is well settled that the Secretary of State has a " 'wide discretion in determining what should be deemed untrustworthy conduct' " when deciding whether or not to revoke or suspend a real estate license on such a basis *(Matter of Gold v Lomenzo,* 29 NY2d 468, 477; *see also, Kostika v Cuomo,* 41 NY2d 673; *Matter of Schimkus v Shaffer,* 143 AD2d 418; *Matter of Facey v Department of State,* 132 AD2d 698; *Matter of Grant Realty v Cuomo,* 58 AD2d 251). In addition, the "[c]ourts have been wont to take cognizance of the flexibility inherent in the term 'untrustworthiness' and have been careful not to fashion rigid definitions thereof" *(Matter of Schimkus v Shaffer, supra,* at 421, citing *Matter of Gold v Lomenzo,* 29 NY2d, *supra,* at 476).

Contrary to the petitioner's contentions, the language of Real Property Law § 441-c does not specifically limit a finding of untrustworthiness to only those situations where the underlying acts or conduct are connected to real estate transactions *(see, Matter of Eich v Shaffer,* 136 AD2d 701). The respondent's determination of "untrustworthiness" was supported by substantial evidence based upon the petitioner's criminal conviction, even though that conviction was unrelated to real estate transactions, since the conviction constituted "such relevant proof as a reasonable mind may accept as adequate to support the conclusion" *(300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180).

Under the facts of this case, and upon consideration of the statutory factors to be considered concerning a previous criminal conviction, the issuance of the licenses sought by the petitioner "would involve an unreasonable risk to * * * the safety or welfare of * * * the general public" (Correction Law § 752 [2]; *see also,* § 753). Bracken, J. P., Miller, Lawrence and Santucci, JJ., concur.