■ In the Matter of LAN LAN WANG, Petitioner, v RANDY A. DANIELS, as Secretary of State of the State of New York, Respondent. [757 NYS2d 857] —Determination of the Secretary of State, dated January 4, 2001, suspending petitioner's real estate broker's license for untrustworthy conduct until such time as she stops operating as an unlicenced apartment information vendor, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Paula Omansky, J.], entered December 13, 2001) dismissed, without costs.

The challenged determination is supported by substantial

evidence that petitioner's Internet business offered apartment listings and related information for a fee and without a license, in violation of Real Property Law § 446-b, and that although the Department of State repeatedly warned petitioner over a period of years to obtain a license, she refused to do so based on her own interpretation that the licensing requirement does not apply to apartment information vendors who utilize the Internet. Although such defiance has no direct relationship to petitioner's real estate broker's license, no basis exists for disturbing respondent's finding that such defiance demonstrates an untrustworthiness within the meaning of Real Property Law § 441-c (1) warranting suspension of that license (*see Matter of Fogel v Department of State*, 209 AD2d 615 [1994]). Petitioner's challenge to the constitutionality of the informational and account maintenance requirements of section 446-c, on the grounds that they are burdensome and impinge upon her commercial free speech and her ability to engage in interstate commerce, fails for lack of standing. Suspension of petitioner's real estate license, the only injury alleged, was based not on any failure to comply with the requirements of section 446-c but on defiance of the licensing requirement of section 446-b. Concur—Mazzarelli, J.P., Saxe, Williams, Marlow and Gonzalez, JJ.