CHARLES F. LINDLEY, Plaintiff, *v.* JOHN H. ROBILLARD et al.,
Defendants.

Supreme Court, Special Term, Onondaga County, July 25, 1955.

*O'Connell & McEwen* for John H. Robillard, defendant.

*Robert K. Murray* for plaintiff.

*Sidney H. Kitay* for St. Lawrence County National Bank, defendant.

DEL VECCHIO, J.  On May 20, 1948, the individual parties to this action executed a contract by which defendant Robillard agreed to sell plaintiff a bus route running between Potsdam and Massena, together with the necessary busses and equipment and consents of the Village of Massena.  The purchase price was $7,000, of which $1,000 was deposited in escrow with the defendant St. Lawrence County National Bank upon execu-

tion of the agreement, the balance to be paid upon transfer of title. With regard to the $1,000 payment, the agreement provided: "5. It is understood and agreed that the sum of $1,000.00 to be deposited hereunder by the buyer shall be held and kept in escrow by the St. Lawrence County National Bank of Canton, New York, and shall be delivered by it to the seller if and when the consent of the Village Board of the Village of Massena has been transferred to the buyer, and the consent of the Public Service Commission of the State of New York to the sale and transfer herein agreed upon has been obtained, it being agreed that if such consents be obtained, and the buyer refuses to perform this agreement, said sum of $1,000.00 so deposited in escrow shall be considered as liquidated damages, but in the event that the aforesaid consents shall not be obtained, then said sum of $1,000.00 shall be returned to the buyer."

It appears, without dispute, that plaintiff has never paid the remaining $6,000 of the purchase price and that the transaction contemplated between the parties has never been consummated. Plaintiff brought the present action to compel redelivery to him of the $1,000 escrow deposit. Defendant Robillard, on the other hand, has made a motion for judgment dismissing the complaint upon the ground that it does not state a cause of action, for summary judgment on the ground that there are no triable issues, and for judgment over against the codefendant, St. Lawrence County National Bank, directing delivery to Robillard of the deposit in question.

Defendant Robillard's affidavits and documentary evidence attached thereto conclusively establish that the condition upon which the $1,000 escrow deposit was to be delivered to the seller, and which precluded return of the money to the buyer, did in fact occur. That is, both the village board of the Village of Massena and the Public Service Commission consented to the transfer of the Potsdam-Massena bus line from defendant Robillard to the plaintiff. Upon the happening of those events, Robillard became entitled, under the specific provisions of section "5" of the contract, to delivery by the bank of the deposit which was to be considered as liquidated damages when, as here, plaintiff purchaser subsequently refused to perform under the agreement.

I regard as insufficient the statement in plaintiff's answering affidavit that the consent of the Public Service Commission is "in the opinion of deponent, no consent within the meaning of the agreement entered into between the parties hereto, for the reason that deponent believes that when the Public Service

Commission approved the transaction, they were not fully informed of the true condition of the equipment and buses used in the operation and business of this bus route, and that such condition was fraudulently concealed by the defendant, John H. Robillard." Plaintiff has offered no factual proof in support of this statement. Moreover, inasmuch as the consent of the commission was in fact issued and the parties were free to act in accordance therewith, I do not believe plaintiff may here question the basis of that consent in the absence of some action by the commission itself impeaching its determination.

In opposition to defendant's motion for summary judgment, plaintiff asserts that a triable issue of fact with regard to the validity of the contract is presented by the allegation in the complaint " That the true condition of the buses on said route and of the equipment pertaining to the operation thereof was fraudulently concealed from plaintiff by defendant, John H. Robillard."

Opposed to that bare allegation, however, are the statements in defendant Robillard's affidavit — uncontradicted by plaintiff — " that for some two years prior to May 20th, 1948 (the date of the agreement) deponent had in his employ in the operation of said bus line, the plaintiff, who operated deponent's busses and was thoroughly familiar with deponent's equipment " and that " Plaintiff Lindley, deponent's employee, resided in Potsdam, New York, and was more or less in charge of the Potsdam-Massena operation subject to the supervision of deponent." The papers presented on the motion also include a report by the Chief Valuation Engineer of the Public Service Commission, dated March 2, 1949, appraising the property to be transferred at $6,929.12, a value subsequently accepted by the seller.

Defendant Robillard has presented documentary proof — in the form of contract provision section " 5 " and the consents of the village board of Massena and of the Public Service Commission to the proposed transfer — which creates a prima facie defense to plaintiff's action for breach of the agreement. It has now become incumbent upon plaintiff to show, by affidavit or other proof, *facts* sufficient to raise an issue with respect to the verity and conclusiveness of such documentary evidence. (*Lederer* v. *Wise Shoe Co.*, 276 N. Y. 459; *Schoenfeld* v. *Modern Silver Linen Supply Co.*, 279 App. Div. 49.) This he has failed to do. " The mere allegations of the complaint do not constitute proof sufficient to defeat a motion for summary judgment." (*Pribyl* v. *Van Loan & Co.*, 261 App. Div. 503, 504.)

Finally, plaintiff opposes the motion for summary judgment upon the ground — stated in his answering affidavit — that there was no sufficient legal tender of performance by defendant Robillard obligating plaintiff to complete the contract. Again, however, plaintiff has failed to set forth any factual proof in support of that claim. Moreover, although he states that the facts of tender set forth in defendant Robillard's affidavit are untrue, he does not deny the statements appearing in the affidavit of William B. O'Connell, Esq., relating certain acts occurring on May 5, 1949, which statements, based upon deponent's personal knowledge, establish sufficient legal tender of performance by defendant Robillard.

This court is of the opinion that no triable issue of fact is presented by the pleadings, affidavits and documentary evidence before it. Accordingly, the motion by the defendant Robillard for summary judgment is granted and the complaint is dismissed.

With regard to defendant Robillard's request for a determination of rights between himself and the codefendant, the St. Lawrence County National Bank, Robillard is entitled to an order granting judgment in his favor against the bank in the sum of $1,000, representing the escrow deposit held by the latter, with interest thereon from July 5, 1949, the date of demand.

Defendant bank has submitted an affidavit by its president opposing an award of interest upon the ground that, as escrow agent, it has always been willing to pay the deposit to whomever the plaintiff and individual defendant might agree was entitled thereto but that the parties have failed jointly to execute such agreement or to instruct the bank as to the proper payee.

This court is of the opinion that the foregoing statement is not a proper basis for denying interest for the period following demand during which the bank wrongfully withheld the funds from defendant Robillard. Nothing in the contract of sale or in the escrow instructions to the bank entitled the latter to demand a *joint authorization* for delivery of the escrow deposit. On the contrary, a letter of transmittal accompanying a copy of the agreement and the original deposit, bearing date May 20, 1948, and signed by both plaintiff and the individual defendant, stated that the $1,000 deposit " as appears in No. 5 of the contract, is to be held and kept by you and delivered to the holder, John H. Robillard, when the consents are obtained." On July 5, 1949, the bank was notified that the consents had been obtained and demand was made by the seller for the $1,000. There is nothing in the pleadings or motion papers to indicate that the

bank was advised by plaintiff not to deliver the money to Robillard. It appears from a letter of July 7, 1949, that the bank made its own determination to require joint authorization of payment of the escrow deposit.

The contract and escrow instructions delivered to the bank were clear and unambiguous and there was no doubt to whom the money belonged. However, if the escrow agent was uncertain as to which of the claimants was entitled to payment, it had available a remedy in the nature of interpleader by which it could have deposited the fund into court and been relieved of further liability to the parties. (Civ. Prac. Act, §§ 285, 286; *Supreme Lodge Knights & Ladies of Honor* v. *Stapf,* 160 N. Y. S. 1051.)

Defendant bank also relies on section 19 of the Federal Reserve Act as barring the award of interest in this litigation. It is true that the statute cited (U. S. Code, tit. 12, § 371a) forbids payment of interest by member banks on demand deposits and, for that reason, defendant Robillard is not entitled to interest between the date of deposit and the date of demand. However, there is nothing in the statute to indicate that it is intended to apply to anything other than the regular interest credits ordinarily made on time and savings deposits. It does not protect defendant bank from liability for the interest awarded as compensation for its wrongful retention, after demand, of money to which the defendant Robillard was legally entitled. (See *Steingut* v. *Guaranty Trust Co. of N. Y.,* 161 F. 2d 571.)

Order accordingly.