■ In the Matter of DAVID ARRINGTON, as Representative Broker of Available Homes, Inc., Petitioner, v JOHN P. LOMENZO, as Secretary of State of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the Acting Secretary of State of the State of New York, dated February 18, 1974, which, after a hearing, and upon a finding that petitioner had demonstrated untrustworthiness, (1) revoked his real estate broker's license and (2) conditioned any future application for such a license upon proof that petitioner had applied a certain broker's commission to the reduction of a certain mortgage debt. Determination annulled, on the law, with costs, and charge dismissed. The record is totally devoid of any credible proof to substantiate the charge that petitioner demonstrated untrustworthiness in violation of section 441-c of the Real Property Law. The misstatement of income by the purchaser was contrived by him without any complicity therein by the petitioner. Nor was petitioner responsible for the employer's failure to transmit the verification of employment form directly to the prospective mortgagee, since petitioner had nothing to do with it. As to the indemnity provision, there is no proof that the mortgagee or the Federal Housing Administration suffered any damage, or made any claim for same; nor is it apparent how or why a payment could or should be made to reduce a mortgage which has already been foreclosed. Gulotta, P. J., Latham, Margett, Damiani and Christ, JJ., concur.

■ In the Matter of ELLEN R. DAVIS, Appellant, v ALBERT HECHT et al., Constituting the Board of Elections of the County of Dutchess, Respondents. —In a proceeding, *inter alia,* to declare the ballot used by the Town of East Fishkill, Districts 1, 2, 8 and 9, during the election of November 4, 1975, null and void as it relates to the public office of Member of the County Legislature, District No. 20, petitioner appeals from an order of the Supreme Court, Dutchess County, dated November 12, 1975, which (1) declared that the ballot complied with the provisions of section 248 of the Election Law and (2) dismissed the proceeding. Order affirmed, without costs or disbursements. The petition was properly dismissed. Hopkins, Acting P. J., Martuscello, Damiani and Christ, JJ., concur.

■ In the Matter of TERRY F. (ANONYMOUS), Appellant.—In a proceeding pursuant to article 7 of the Family Court Act, the appeal is from an order of the Family Court, Queens County, dated July 25, 1975, which, upon a prior determination, made after a fact-finding hearing, that appellant was a person in need of supervision, placed her on probation under the supervision of the Queens County Probation Department for a period of one year. Order reversed, on the law, without costs or disbursements, and proceeding remanded to the Family Court for a new fact-finding hearing. No questions of fact were considered on this appeal. It is well settled that " 'proof beyond a reasonable doubt is constitutionally required for an adjudication that a minor is a person in need of supervision' " *(Matter of Iris R.,* 33 NY2d 987, 988; *Matter of Richard S.,* 27 NY2d 802). In light of our determination, we need not consider the other issues raised by appellant. Hopkins, Acting P. J., Latham, Christ, Titone and Hawkins, JJ., concur.