■ In the Matter of Madison Valencia Group, Inc., et al., Petitioners, v Mario M. Cuomo, as Secretary of State of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 to review so much of respondent's determination, dated October 3, 1975 and made after a hearing, as (1) revoked petitioner William Burke's real estate broker's license on the ground of demonstrated untrustworthiness and (2) directed petitioners Jerome Stern and Madison Valencia Group, Inc. (Madison) to comply with a certain condition within 30 days and provided that their licenses would be revoked on the ground of demonstrated untrustworthiness in the event of such failure. Determination confirmed insofar as reviewed and proceeding dismissed on the merits, with costs. The time within which petitioners Madison and Stern are to comply with the condition contained in the determination under review is extended until 30 days after entry of the order to be made hereon. Jerome Stern is president and representative broker of Madison. William Burke is secretary of that corporation. In response to an advertisement, Mrs. Thelma Swingearn contacted Burke about securing a second mortgage for her home. As a result of his dealings with Mrs. Swingearn, Burke prepared three FHA mortgage applications, all containing false information. The second and third applications were prepared after the previous ones had been denied. During the time that Burke was filing the FHA applications with little success, Mrs. Swingearn was attempting to raise cash from other sources since Burke would not help her obtain a personal loan. Burke referred Mrs. Swingearn to a lender, from whom she received a loan at a usurious rate. Eventually the first mortgagor foreclosed on Mrs. Swingearn's home and the home was purchased at the foreclosure sale by George Rosen, who had participated in the usurious loan to Mrs. Swingearn. At her request, Rosen sold the home to Mrs. Swingearn's daughter and son-in-law, who had obtained the money to purchase the home from the FHA pursuant to the third loan application filed by Burke at Mrs. Swingearn's direction. Burke was asked by Rosen, through Rosen's attorney, to close the sale since it was Burke who had prepared the loan application.

Madison received a $1,620 commission. The determination that Burke was involved in the usurious loan to Mrs. Swingearn was supported by substantial evidence (see *Matter of Butterly & Green v Lomenzo,* 36 NY2d 250; *Matter of Foster v Tofany,* 31 AD2d 987). The determination of "untrustworthiness" or "incompetency" (see Real Property Law, § 441-c) is also substantiated by Burke's failure to independently verify the information that he allegedly received from Mrs. Swingearn. Although we have held that a broker is not responsible for preparing a false application where the misstatements are contrived by the applicant *(Matter of Arrington v Lomenzo,* 51 AD2d 743), in the instant case Burke had reason to believe, at least as to the second and third FHA mortgage applications, that the information was false. It was not improper for the Secretary of State to conclude, under the circumstances, that Burke had an obligation to seek independent verification of the misinformation. Under the circumstances of this case, the penalty imposed was not so disproportionate to the offense as to be shocking to one's sense of fairness (see *Matter of Pell v Board of Educ.,* 34 NY2d 222). Hopkins, J. P., Margett, Damiani and Rabin, JJ., concur.