■ In the Matter of LAWRENCE BLACK, INC., et al., Petitioners, v MARIO M. CUOMO, as Secretary of State of the State of New York, Respondent.— Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Secretary of State which revoked petitioners' real estate broker's license on the ground of untrustworthiness. The hearing to consider allegations against the individual petitioner disclosed that on numerous occasions he had transferred funds from an escrow account to a general operating account which was then used as a source to pay his personal expenses. The escrow account was replenished as necessary with funds borrowed from friends. In our view the record supports the determination that petitioner violated the rule regarding escrow accounts, and that his transgressions provided sufficient grounds for respondent, in the exercise of his discretion, to conclude that petitioner was guilty of untrustworthy conduct (19 NYCRR 175.1; *Matter of Gold v Lomenzo,* 29 NY2d 468; *Matter of Diona v Lomenzo,* 26 AD2d 473). Any error in the admission of evidence at the hearing did not rise to the level that would so prejudice petitioner as to deny him due process (see *Matter of Sowa v Looney,* 23 NY2d 329). Moreover, even if the objectionable evidence were excluded, there is still substantial evidence to support respondent's determination revoking petitioner's license (Real Property Law, § 441-c; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 231). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, and Staley, Jr., JJ., concur; Herlihy, J., dissents and votes to modify in the following memorandum. Herlihy, J. (dissenting). The present record is devoid of substantial evidence that the defendant deposited *any* money in the corporate general account which in fact was not properly payable to the corporation as earned income. The record contains not even the slightest suggestion that any "client" or principal ever was refused the return or payment of escrow money due such principal. As to the dates outside the matters specifically charged in the complaint, there is no evidence of a commingling of a principal's money with the petitioner's own money. At most, there was some evidence that on one or more occasions prior to the dates charged in the complaint a deal fell through *after* money had been transferred out of escrow and the petitioner had to deposit money in the escrow for such event and/or for a closing. No particulars as to such events were offered by the respondent. The present record contains substantial evidence that in about seven instances involving relatively small sums of money, the petitioner technically violated 19 NYCRR 175.1. In the absence of any showing of harm to clients or principals related to such violation, the revocation of his broker's license is excessive and is disproportionate to the conduct. The determination should be modified by changing the punishment to a reprimand and a $100 fine, and, as so modified, confirmed.