■ In the Matter of KRISTIN R. LEVINE, as Representative Broker of KRISMART CORP., Petitioner, v GAIL S. SHAFFER, as Secretary of State of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the Secretary of State, dated February 8, 1983 and made after

a hearing, which revoked petitioner's real estate broker's license on the grounds of demonstrated incompetency and untrustworthiness (see Real Property Law, § 441-c; 19 NYCRR 175.1, 175.2). Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. The determination that petitioner had on two occasions rented premises without the authorization or knowledge of the owners and contrary to their express instructions to sell the premises, and that petitioner had failed to inform the owners of her activities or to render an account and remit rental payments collected, is supported by substantial evidence (see, e.g., *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176). Respondent has discretion to determine whether the conduct of a real estate broker constitutes untrustworthiness, so as to warrant a conclusion that " 'any confidence or reasonable expectation of fair dealing to the general public would be misplaced' " (*Matter of Gold v Lomenzo,* 29 NY2d 468, 477). There was also substantial evidence to support the determination that petitioner had seriously mismanaged her escrow account, by making improper withdrawals so as to repeatedly place the account in a deficit state, thereby jeopardizing escrow moneys entrusted to her (see *Matter of Lawrence Black, Inc. v Cuomo,* 65 AD2d 845, affd 48 NY2d 774). Under the circumstances of this case, the penalty imposed is not so disproportionate to the offenses as to be shocking to one's sense of fairness (see, e.g., *Matter of Pell v Board of Educ.,* 34 NY2d 222; *Kostika v Cuomo,* 41 NY2d 673; *Matter of Madison Valencia Group v Cuomo,* 57 AD2d 896). Damiani, J. P., Mangano, Gulotta and Brown, JJ., concur.