■ In the Matter of FLORENCE C. KAPLAN, Also Known as CAPPY HANLAN, as Representative Broker of Hanlan's Island Realty, Ltd., Petitioner, v GAIL S. SHAFFER, as Secretary of State of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Secretary of State, dated January 3, 1984, which, after a hearing, found that petitioner had demonstrated untrustworthiness and incompetency pursuant to Real Property Law § 441-c and imposed a penalty.

Petition granted and determination annulled, on the law, with costs, and within 30 days of service upon her of a copy of the order to be made hereon, with notice of entry, respondent is directed to make restitution of the fine paid by petitioner.

The hearing officer determined that the petitioner had violated her fiduciary obligations as an escrow agent by releasing a tenant's security deposit, which was held by her under the terms of a lease, to the tenant's landlord at the conclusion of the rental term, without first notifying the deceased tenant's estate or obtaining the consent of his personal represen-

tative. The lease did not contain a notification or authorization requirement, and the past practice of the parties was for the petitioner to simply return the tenant's security deposit at the conclusion of the seasonal rental term, less deductions for damages and unpaid utility bills.

We agree with the hearing officer's finding that the petitioner was acting as an escrow agent for the landlord and the tenant by holding the tenant's security deposit in her trust account upon the condition that she return it to the tenant at the expiration of the lease, provided the tenant fully and faithfully carried out the terms, covenants and conditions of the agreement (*see, Farago v Burke,* 262 NY 229; *Menkis v Whitestone Sav. & Loan Assn.,* 78 Misc 2d 329). However, we do not agree that the petitioner violated her fiduciary obligations by releasing the deposit to the landlord without notice to or consent from the tenant's personal representative because the record establishes that petitioner released the deposit to the party with legal entitlement.

Return of the deposit to the tenant was conditioned upon his full and faithful performance under the lease. The petitioner was under an obligation not to deliver the deposit to anyone, except upon strict compliance with the conditions of the agreement pursuant to which petitioner was holding the security (*Farago v Burke, supra,* p 233). As had been the past practice between the parties, the landlord submitted proof to the broker of the charges against the deposit for violations of the lease. The tenant's personal representative has at no time disputed the validity of those charges. Hence, the landlord was entitled to reimbursement from the escrow account (*see, Marriott Corp. v Rogers & Wells,* 81 AD2d 556) and petitioner was guilty of no wrong in releasing the security to the landlord. Since it has not been shown that there was, or is, a dispute over the landlord's entitlement to the funds, there is no basis for convicting and punishing petitioner for violating a requirement, not written into the escrow agreement, that she obtain joint authorization for release of the escrow (*see, Marriott Corp. v Rogers & Wells, supra,* p 558; *see also, Lindley v Robillard,* 208 Misc 532, 537). By reason of the fact that petitioner did not mismanage her escrow account, she has not demonstrated untrustworthiness or incompetency under Real Property Law § 441-c and the respondent Secretary of State's determination must be annulled (*cf. Matter of Levine v Shaffer,* 97 AD2d 765; *Matter of Lawrence Black, Inc. v Cuomo,* 65 AD2d 845, *affd* 48 NY2d 774). Lazer, J. P., Gibbons, Bracken and Niehoff, JJ., concur.