In the Matter of TOM SMITH, Petitioner, against ASHLEY T. COLE et al., as Members of the Racing Commission of the State of New York, et al., Respondents.

First Department, May 17, 1946.

*John T. Cahill* of counsel (*Mathias F. Correa* with him on the brief; *Cahill, Gordon, Zachry & Reindel*, attorneys), for petitioner.

*Orrin G. Judd* of counsel (*John P. Powers, Samuel A. Hirshowitz* and *Howard F. Danihy* with him on the brief; *Nathaniel L. Goldstein*, Attorney-General) for Joint Board and Racing Commission, respondents.

*Martin A. Schenck* of counsel (*Harold C. McCollom*, and *Kenneth W. Greenawalt* with him on the brief; *Davies, Auerbach, Cornell & Hardy*, attorneys), for the Jockey Club, respondent.

*Per Curiam.* The law relating to the issuance and revocation of licenses of participants and employees at race meetings is found in the Unconsolidated Laws of New York. (L. 1926, ch. 440, § 9-b, as added by L. 1934, ch. 310, and later amd.) This statute provides that for the purpose of maintaining a proper control over race meetings, the Jockey Club shall license owners, trainers and jockeys at running races, and the National Steeplechase Association shall license owners, trainers and jockeys at steeplechases and hunts. Each license, unless revoked by the issuing body " for cause ", shall remain in force for the period of one year from April of the year in which the same is issued. Upon the application of a person whose license has been refused or revoked, such person shall be entitled to a hearing before a joint session of the State Racing Commission and two stewards of the Jockey Club or of the National Steeplechase Association.

" For cause ", as used in this statute, means that a revocation must be for an occurrence which it is reasonably consistent with sound public policy to find offensive. The determination must not be arbitrary or capricious.

The Joint Board has decided in the present case that there was cause for the revocation of the license of petitioner, Tom Smith. Its decision involved the consideration of factual matters.

In reviewing a determination of an administrative agency based on factual findings the courts are confined to a consideration of the question as to whether there was substantial evidence to support the findings made.

After the petitioner, a trainer of race horses, had been issued a license for the year 1945, that license was revoked on November 10, 1945. Petitioner demanded a hearing which was had before a statutory joint board consisting of members of the Racing Commission of the State of New York and certain stewards of the Jockey Club who reviewed the determination of the Jockey Club and affirmed the revocation. The petitioner now seeks to have this court review, in turn, the determination of the statutory Joint Board.

Implicit in the opinion rendered by the board is the finding that the revocation was imposed because the board determined that the trainer had violated the rules of racing in permitting the application of improper medication that would affect the racing condition of a horse under his care. Concededly, a 2.6% solution of ephedrine was sprayed into the nasal passages of a horse trained by petitioner shortly before the running of

a race in which the horse was entered to participate. While the trainer was not present when the medicine was applied, there was evidence from which his responsibility for the treatment could be found to have been established.

There was substantial evidence before the administrative body that ephedrine had certain qualities as a stimulant, and that it also might affect the racing condition of a horse by increasing its respiratory capacity. Expert opinion evidence, contradictory in view, was received from both sides to the controversy concerning the possibility of the dosage administered in this case acting as a stimulant, particularly in view of the method of its application. Under the controlling authorities we may not consider the weight of the evidence relating to this question. Nor may we choose to believe one set of experts rather than the other. If we could, it might well be that we should arrive at a different conclusion from that arrived at by the board as to whether the evidence established any actual stimulation of the horse in question.

We find that a fair hearing was afforded the petitioner and that there was some substantial evidence to support the finding made. Accordingly, the determination cannot be said to be arbitrary or capricious, and we may not set it aside.

The petition for review seeks merely to annul the revocation of petitioner's license by the Jockey Club, and the affirmation thereof by the Joint Board, and to direct the restoration of the license. It does not seek review of the determination of the stewards of the Jockey Club denying the petitioner admission to and all privileges of race tracks under jurisdiction of said Jockey Club. Accordingly, we confirm the revocation of the license only, with $50 costs and disbursements to the respondents.

MARTIN, P. J., DORE, COHN, CALLAHAN and PECK, JJ., concur.

Determination revoking petitioner's license unanimously confirmed, with $50 costs and disbursements to the respondents. Settle order on notice.