In the Matter of LEROY M. SOLK, Petitioner, against DEPARTMENT OF STATE OF THE STATE OF NEW YORK et al., Respondents.

First Department, June 28, 1955.

*Robert Reagan* of counsel (*Dodd & Reagan,* attorneys), for petitioner.

*Samuel A. Hirshowitz* of counsel (*Harold Borgwald* and *James O. Moore, Jr.,* with him on the brief; *Jacob K. Javits, Attorney-General,* attorney), for respondents.

*Per Curiam.* The purpose of the licensing provisions of article 12-A of the Real Property Law is " to assure by means of licensing competency and the observance of professional conduct on the part of real estate brokers and salesmen." (*Matter of Sullivan Co.,* 289 N. Y. 110, 114; *Roman* v. *Lobe,* 243 N. Y. 51, 54.) Petitioner held a representative broker's license for the corporation, Charles Ford and Associates of the East. Ample evidence of improper and fraudulent practices and untrustworthiness on the part of the corporation, its agents and employees was adduced at appropriate hearings after due written notice of charges and after full opportunity for the corporation to be heard. (Real Property Law, §§ 441-c, 441-e.) At the hearings, where petitioner was represented by counsel, there was proof that petitioner, the licensee, was a director, officer and stockholder in the corporation when many of the improper acts complained of were committed and that he permitted the corporation and its agents to utilize his representative broker's license during the commission of the improper practices. In the circumstances, the licensee who is the holder of a representative broker's license for the corporation must be held accountable for the acts of the corporation, its agents and employees for whom he carries a license; and where, as here, those acts covering a considerable period of time demonstrate untrustworthiness and fraudulent practices, respondents, as the licensing authority, have the right to exercise

jurisdiction over the person holding the license and to revoke it in a proper case. (*Matter of Smith* v. *Cole,* 270 App. Div. 675, 677, appeal dismissed 296 N. Y. 614; *Matter of Harlem Check Cashing Corp.* v. *Bell,* 270 App. Div. 806, affd. 296 N. Y. 15; *Matter of Maser* v. *Fletcher,* 276 App. Div. 895.) A director and licensee who sits by indifferently while agents and employees of the corporation are perpetrating frauds on the public is not entitled to retain his representative broker's license for the corporation. The determination of respondents as to the revocation of petitioner's real estate broker's license should, accordingly, be confirmed.

However, there should be a new hearing on the question of revocation of petitioner's individual license. As to whether any of the acts of misconduct of employees of the corporation complained of were committed with petitioner's actual knowledge, or whether petitioner retained the benefits thereof after notice of the employees' misconduct (Real Property Law, § 442-c.) can best be determined after petitioner, a nonresident, is permitted to be heard in person, as he has requested. The refusal to grant the application of counsel for a short postponement at the hearing when the question of the revocation of petitioner's individual license was being considered, in the circumstances, we think, was arbitrary. As to the petitioner's individual real estate broker's license, the determination should accordingly be annulled and the matter remitted to the State Department for further hearing or hearings to afford petitioner a reasonable opportunity of appearing personally to refute the charges made by the aggrieved complainants. Settle order.

PECK, P. J., COHN, BASTOW and RABIN, JJ., concur.

Determination unanimously confirmed, in part, and, in part, annulled and the matter remitted to the State Department for further hearings in accordance with the opinion herein. Settle order on notice.