■ In the Matter of TED APOSTOL et al., as Representative Brokers of MIDWAY REALTY, INC., et al., Petitioners, v. DEPARTMENT OF STATE OF THE STATE OF NEW YORK et al., Respondents.— Determination of respondent Department and Secretary of State, dated December 31, 1964, revoking the real estate broker's license of petitioner Apostol as representative of Midway Realty, Inc., revoking the real estate salesman's license of petitioner Houlios, and suspending for two weeks the real estate broker's license of petitioner Canarick as representative of Midway Realty, Inc., unanimously annulled, on the law, as to petitioner Canarick and is otherwise confirmed, with $30 costs and disbursements to petitioner Canarick against respondents, and with $30 costs and disbursements to respondents against petitioners Apostol and Houlios. The hearing officer's finding that petitioners Apostol and Houlios had participated in a calculated plan to perpetrate a fraud upon a lending institution by creating the appearance of a substantial down payment on the purchase of real estate, when most of the down payment was in fact fictitious was supported by substantial evidence. The documents showing the existence of the fraudulent transaction were admitted in evidence. The prospective purchaser testified that Apostol and Houlios were present when the details of the transaction relating to the fictitious down payment were explained to him. Canarick was not present, however, and the hearing officer found insufficient evidence that Canarick had participated in or had actual knowledge of the fraudulent transaction. In the absence of participation in or of actual knowledge of the transaction or retention of its benefits his license should not have been suspended (Real Property Law, § 442-c). Since Apostol and Houlios did not make use of Canarick's license in perpetrating the fraud the case is unlike *Matter of Solk* v. *Department of State* (286 App. Div. 178), where the court found that the licensee had sat idly by for a considerable period of time while the improper acts were committed. One can only speculate that Canarick probably knew of what his close associates were doing or did but speculation alone is no substitute for evidence. Concur — Botein, P. J., Breitel, Stevens, Eager and Steuer, JJ.

■ CONCRETE CONSTRUCTION CORP., Appellant, v. BREGMAN CONSTRUCTION CORP. et al., Respondents.— Judgment in favor of defendants vacating a mechanic's lien and awarding defendant Bregman Construction Corporation $18,485.54 against plaintiff Concrete Construction Corporation in action for balance due on concrete subcontract and for extra work and on counterclaims for damages for breach of contract, unanimously affirmed, with $50 costs to defendants-respondents against plaintiff-appellant. The contract provision with respect to the rate of progress for the pouring of floors in a reinforced concrete construction of a highrise apartment house was ambiguous. The court, although it eventually ruled that the contract was not ambiguous, allowed parol evidence as to precontract negotiations as well as subsequent conversations to be introduced in evidence. Consequently, the record is complete, at least insofar as proffers of evidence are concerned. On the whole record, although the question is a very close one, the conclusion that the concrete subcontractor was obliged to progress the work at the rate found by the court is supported by the preponderance of the evidence. On the many items of extra work claimed and the many items of damage for improper performance and delay asserted by way of counterclaim, the trial court's meticulous findings are also supported by the preponderance of the evidence. Concur — Botein, P. J., Breitel, Stevens, Eager and Steuer, JJ.