CHARLES F. PARTRIDGE et al., Petitioners, *v.* JOHN P. LOMENZO, as Secretary of State of the State of New York, Respondent.

Second Department, July 6, 1971.

*Charles B. McGroddy, Jr.,* for petitioners.

*Louis J. Lefkowitz, Attorney-General (Michael Colodner* and *Samuel A. Hirshowitz* of counsel), for respondent.

SHAPIRO, J. By the determination of the respondent dated September 22, 1970, the real estate broker's license of the petitioner Partridge has been suspended for six months, subject to the alternative of his paying a $500 fine, and the real estate salesman's license of the petitioner Powers has been suspended for two months, subject to the alternative of her paying a $100 fine; and Partridge's license has been further suspended indefinitely unless on or before October 15, 1970 he file proof that he has discontinued his lawsuit against the complainant in which he seeks to recover brokerage commissions. In his determination, the respondent found that the petitioners had demonstrated untrustworthiness in violation of section 441-c of the Real Property Law. The original charge against the petitioners was that they had demonstrated untrustworthiness in that they had violated section 175.9 of the Rules of the Secretary of State of the State of New York (19 NYCRR 175.9) by seeking to induce Frances S. Ackroyd-Kelly (hereafter referred to as Mrs. Kelly)

to breach a contract for the sale of real property.[1]  The petitioners had allegedly sought to induce Mrs. Kelly to breach an oral contract for the sale of certain real property by her to Albert Dorfman.  The broker who is alleged to have arranged for the contract of sale is one Gerhard Krause.

During the course of the hearing upon this charge it became apparent that the specific charge of inducing a breach of contract was not sustainable, as Mrs. Kelly and Dorfman had not reached agreement as to the specific property which was to be conveyed.[2] At that point the hearing officer noted that section 441-c of the Real Property Law permitted the revocation or suspension of the license of a real estate broker or salesman on the general ground of untrustworthiness and that if the petitioners desired to claim surprise they would be given additional time to prepare a defense.

Among the findings made by the respondent was one that the petitioners had sought to induce Mrs. Kelly to sell her property to their client at a time when they knew she had '' agreed to sell her property to Dorfman as negotiated by Krause of Engel Associates '' and that she had thereby '' legally obligated herself to pay the broker's commission as there was a meeting of the mind [sic] of the parties thereof.''

Such a finding was impermissible as a matter of law.  As noted, Mrs. Kelly and Dorfman had not yet come to agreement as to the specific property to be conveyed.  Krause and Engel Associates were not entitled to a commission before agreement was reached as to all of the essential terms and conditions of the sale (Sibbald v. Bethlehem Iron Co., 83 N. Y. 378, 382; Matter of Altz, 274 App. Div. 894, affd. 300 N. Y. 607; Yaras v. Levison Bros. Realty Corp., 33 A D 2d 831).  Hence, the petitioners cannot be held to have induced Mrs. Kelly to breach a contract at a time when she was legally obligated to pay a brokerage commission thereon.

In any event, the petitioners did not have adequate notice of the charge.  Section 441-e of the Real Property Law provides that the respondent shall, '' at least ten days prior to the date set for the hearing, notify in writing  *  *  *  the holder of such license of any charges made ''.  When the charge is one

---

1. That regulation provides, in pertinent part, "No real estate broker shall induce any party to a contract of sale  *  *  *  to break such contract for the purpose of substituting in lieu thereof a new contract with another principal."

2. The testimony indicated that Mrs. Kelly had orally agreed to convey 8½ of the 9½ acres which she owned to Dorfman.  She was to retain her home and one acre of land.  However, the particular acre to be excluded from the sale was left for future negotiation.

of untrustworthiness it must be made clear and definite, so that the accused may know what he is to defend against (*Matter of Chiaino* v. *Lomenzo,* 26 A D 2d 469, 472; *Matter of Kasper* v. *Lomenzo,* 33 A D 2d 936). In this case the petitioners were in effect notified in mid-hearing that they were no longer being prosecuted on the original and specific charge of untrustworthiness in that they had induced a breach of Mrs. Kelly's oral contract with Dorfman. Instead, they were simply informed that they were being charged generally with demonstrated untrustworthiness in violation of section 441-c of the Real Property Law. They were not advised of the specifics of the charge. Even if they are held to have waived the statutory 10-day notice provision, the proceeding was constitutionally defective in that they were never given notice of the specific charges against them (cf. *Matter of Hecht* v. *Monaghan,* 307 N. Y. 461, 470).

Accordingly, the determination should be annulled and the charge against the petitioners dismissed, on the law, with costs and without prejudice to the institution of a new proceeding against the petitioners, if the respondent be so advised.

RABIN, P. J. (dissenting in part). The respondent's finding of the petitioners' guilt and his suspension of their respective licenses, with alternative fines, should be confirmed. However, that part of the respondent's determination which suspended the license of the petitioner Partridge indefinitely unless he discontinue a pending legal action for brokerage commissions should be annulled. In my view it is improper for the Secretary of State to interfere with pending civil actions relative to brokerage claims and such actions ought to be left to judicial determination (cf. *Matter of Fitzsimons* v. *Department of State,* 34 A D 2d 996, revd. 28 N Y 2d 979).

HOPKINS and MARTUSCELLO, JJ., concur with SHAPIRO, J.; RABIN, P. J., dissents in part, in an opinion, in which CHRIST, J., concurs.

Determination annulled and charge against petitioners dismissed, on the law, with costs and without prejudice to the institution of a new proceeding against petitioners, if respondent be so advised.