■ AZRIEL GENACHOWSKI, Respondent-Appellant, v HAROLD GILDSTON et al., Appellants-Respondents, et al., Defendant.—In an action, *inter alia,* to enjoin the defendants Gildston from constructing a tennis court on their property, in which the said defendants counterclaimed, *inter alia,* to enjoin plaintiff from interfering with their use of a certain street known as Cook Drive, (1) defendants Gildston appeal from so much of an order of the Supreme Court, Nassau County, dated June 1, 1976, as denied their motion for partial summary judgment as to the second counterclaim asserted in their answer and (2) plaintiff cross-appeals from so much of the same order as failed to grant his cross application for partial summary judgment and permitted defendants to amend their answer. Order affirmed, without costs or disbursements. Defendants Gildston shall serve their amended answer within 20 days after entry of the order to be made hereon. Special Term correctly concluded that a permanent injunction should not be granted to either party without a trial. Plaintiff's cross application to dismiss the first counterclaim contained in the answer of the defendants Gildston was also properly denied. A factual question exists as to whether the temporary restraining orders obtained by plaintiff improperly delayed construction of the tennis court by the Gildstons. Hopkins, Acting P. J., Martuscello, Cohalan and Damiani, JJ., concur.

■ EDWARD GRIMM et al., Petitioners, v DEPARTMENT OF STATE, Respondent.—Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Secretary of State, dated October 24, 1974, which, after a hearing, found that petitioners, licensed real estate brokers, were guilty of untrustworthiness and suspended their licenses for six months or, in lieu thereof, fined each of them $250. Petition granted, determination annulled, on the law, without costs or disbursements, and the charges against petitioners are dismissed and the fines imposed are remitted, without prejudice to the institution of a new proceeding against petitioners, if respondent be so advised. Petitioners did not have adequate notice of the charges against them. Where the charge is one of untrustworthiness, it must be made clear and definite so that the accused may know what he is to defend against (see *Partridge v Lomenzo,* 37 AD2d 180, 183). Petitioners were charged with knowing that one of the brokers working for them conspired with a Ms. Cannon to have her purchase a house as a "dummy mortgagor" for a friend of hers, and with advising said Ms. Cannon that it was not necessary for her to obtain legal counsel. The proof at the hearing did not establish any of those charges, but did establish that petitioners acted in the dual capacity of brokers and sellers without adequately disclosing that fact to Ms. Cannon. Based upon that nondisclosure, and upon a failure to protect Ms. Cannon against their superior knowledge and expertise, a finding of untrustworthiness was made. Since petitioners did not have adequate notice of those charges, the finding of untrustworthiness cannot stand. Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.