■     ROBERT W. BLAKE et al., Petitioners, v DEPARTMENT OF STATE, Respondent.—Proceeding pursuant to CPLR article 78 to review a purported determination of the respondent, dated September 7, 1976, which, after a hearing, suspended the real estate broker's license of each petitioner for two months, or in lieu thereof, imposed a fine of $250. By order of this court dated February 6, 1978, the matter was remanded to the respondent for determination by the Secretary of State of the charges against the petitioners (Blake v Department of State, 61 AD2d 782). The Secretary of State has complied and has made a determination which was the same as the purported determination. Petition granted, determination annulled, on the law, without costs or disbursements, and respondent is directed to refund the fines to petitioners. Respondent's affidavit of complaint charges the petitioners with improperly negotiating with a party to an exclusive listing contract in violation of 19 NYCRR 175.8 and with having demonstrated incompetency and untrustworthiness to act as real estate brokers within the meaning of section 441-c of the Real Property Law. The affidavit of complaint alleges that a named seller entered into a multiple listing contract with a real estate brokerage firm not a party herein which gave the latter

the exclusive right to sell for two months. The proof at the hearing showed that the right to sell was not exclusive since any other broker who was a member of the multiple listing service could also sell the property. The affidavit further alleges that petitioner Blake, knowing that the seller had entered into and "exclusive right to sell" contract with the other firm, induced the seller to enter into an agreement with Blake's firm for a separate commission for the sale of the property to a person whom the seller had obtained as a prospective purchaser. The proof at the hearing, however, indicated that Blake did not induce the seller to do anything, but it was in fact the seller who induced Blake to act as broker for him, as is apparent from the hearing officer's findings of fact numbered seven and nine. There was thus a complete failure of proof at the hearing to sustain the specific charges made. In fact, there was no exclusive right to sell, nor did petitioner Blake induce the seller to do anything. In addition, the hearing officer's conclusions of law establish that she based her finding of untrustworthiness on matters that are neither charged nor alleged in the affidavit of complaint. For example, it is concluded that regardless of what the seller did, Blake, a broker, had no right to allow himself to be named as a selling broker when he did nothing to procure the buyer; that Blake should have told the seller that the other firm was the one to assist the prospective purchaser in obtaining a mortgage; that Blake, who was the broker on the seller's purchase of a new house, should have charged the seller an extra fee for helping him with the two transactions rather than accepting a commission for selling the house to the prospective purchaser. These conclusions may indeed be warranted, yet none of these charges are set forth in the affidavit of complaint, and, as already noted, there was no proof of the matters charged in that affidavit. In similar circumstances, we have held that "the proceeding was constitutionally defective" for respondent's failure to give petitioners notice of the specific charges against them (*Partridge v Lomenzo,* 37 AD2d 180, 183). The determination herein must therefore be annulled and the fines remitted. Hopkins, J. P., Damiani, O'Connor and Rabin, JJ., concur.