■ In the Matter of JOHN URBAN REALTY et al., Petitioners, v MARIO M. CUOMO, as Secretary of State of the State of New York, Respondent.— Petition unanimously granted, with costs, and determination annulled, on the law. Memorandum: On August 11, 1978 the Secretary of State found that the petitioners, licensed real estate brokers, were guilty of untrustworthiness and suspended their licenses for a period of three months or, in lieu of the suspension, fined each of them $200. He further suspended their licenses until they paid to Watertown Realty certain commissions collected by them. Petitioners bring this article 78 proceeding to annul his determination. The facts are not in dispute. In August, 1976 Ms. Oosterling executed an exclusive listing agreement with Watertown Realty for the sale of her house. Some errors or inaccuracies in the agreement were discovered and later corrected, but a signed copy of the agreement as finalized was never delivered to Ms. Oosterling. On September 14, 1976 she contacted petitioner John Urban of John Urban Realty and informed him that she wanted "everybody [to] sell". She showed Urban an unsigned copy of a listing agreement with Watertown Realty. Ms. Oosterling accepted a purchase offer submitted by a client of Urban Realty on September 21, 1976. Petitioners subsequently learned that Watertown Realty possessed a fully executed exclusive listing agreement. On October 26, 1976, the date of the closing, petitioners signed an indemnification agreement, agreeing to save Ms. Oosterling harmless from commission claims by Watertown Realty. Petitioners were charged by the Secretary of State with a violation of article 12-A of the Real Property Law based on the complaint of its license investigator describing allegations of a violation of section 441-c of the Real Property Law and 19 NYCRR 175.8. Regulation 175.8 provides: "No real estate

broker shall negotiate the sale, exchange or lease of any property directly with an owner or lessor if he knows that such owner, or lessor, has an existing written contract granting exclusive authority in connection with such property with another broker". Upon submission of the evidence, the hearing officer found that the petitioners did not have *"actual* knowledge of the existing written contract *when* they negotiated the sale" and that accordingly 19 NYCRR 175.8 was not violated. He further found, however, that when petitioners executed "the indemnification agreements they rendered themselves liable to Watertown Realty, Inc. Their continued failure to pay Watertown Realty, Inc., its duly earned commission is a demonstration of untrustworthiness". The Secretary of State concurred with the hearing officer's findings and determination. Subdivision 1 of section 441-c of the Real Property Law provides where relevant that "The department of state may revoke a license of a real estate broker * * * or in lieu thereof may impose a fine * * * if such licensee * * * has demonstrated untrustworthiness". Section 441-e provides that "The department of state shall * * * before revoking or suspending any [broker's] license or imposing any fine * * * on the holder thereof * * * notify in writing * * * the holder of such license of any charges made". It has been held that a charge of untrustworthiness "must be made clear and definite so that the accused may know what he is to defend against" *(Grimm v Department of State,* 56 AD2d 591; *Partridge v Lomenzo,* 37 AD2d 180, 183). The petitioners here were not charged with a failure to pay Watertown Realty its commission. Because petitioners were never given notice of this specific charge, the proceeding must be deemed "constitutionally defective" *(Partridge v Lomenzo, supra,* p 183; cf. *Matter of Berlow v Lomenzo,* 49 AD2d 160). In addition, there is a more basic flaw in the hearing officer's finding of petitioners' "untrustworthiness". The determination of "untrustworthiness" is linked solely to the indemnification agreement. Watertown Realty was not a party to the indemnity agreement which vested it with no rights. The indemnity agreement rendered petitioners liable to Ms. Oosterling, not Watertown Realty. Therefore, substantial evidence does not support the hearing officer's determination of "untrustworthiness" *(Matter of Pell v Board of Educ.,* 34 NY2d 222; see, also, *Kostika v Cuomo,* 41 NY2d 673, 676; *Matter of Butterly & Green v Lomenzo,* 36 NY2d 250, 256; *Matter of Duncan & Hill Realty v Department of State of State of N. Y.,* 62 AD2d 690, 702). (Article 78 proceeding transferred by order of Jefferson Supreme Court.) Present— Simons, J. P., Schnepp, Callahan, Doerr and Witmer, JJ.