■ In the Matter of EMILE E. GOUIRAN, Petitioner, v DEPARTMENT OF STATE OF THE STATE OF NEW YORK et al., Respondents. — Consolidated proceedings pursuant to CPLR article 78 to review so much of two determinations of the respondent Secretary of State, made after hearings, as, upon findings that petitioner had demonstrated untrustworthiness, (1) by order dated March 11, 1980, revoked petitioner's license as a real estate broker and determined that any application for reinstatement thereof shall not receive favorable consideration until petitioner has submitted proof of reimbursement of two complainants in specified amounts, and (2) by order dated April 23, 1980, determined that, should the determination of March 11, 1980 be "reversed on appeal", petitioner's license as a real estate broker shall be immediately revoked and that, until such time as a specified pending civil action was discontinued with prejudice, "no broker's licenses shall be issued to any person as representative broker or otherwise for entities controlled by [petitioner]." Petition granted to the extent that the determination dated April 23, 1980 is annulled, on the law, solely insofar as it requires that a pending civil action be discontinued with prejudice as a condition of the issuance of licenses to persons employed by entities controlled by petitioner. In all other respects, determinations confirmed insofar as reviewed and proceedings dismissed on the merits, without costs or disbursements. The determinations that petitioner had demonstrated untrustworthiness in violation of section 441-c of the Real Property Law were supported by substantial evidence in the record (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176). Moreover, on this record, and bearing in mind that another finding of untrustworthiness had been made against petitioner prior to the time that he engaged in the conduct which gave rise to these proceedings, the penalty imposed is not so disproportionate to the offenses as to be shocking to one's sense of fairness (see *Matter of Pell v Board of Educ.,* 34 NY2d 222). However, in general, in such proceedings, it is "improper for the Secretary of State to interfere with pending civil actions relative to brokerage claims and such actions ought to be left to judicial determination" *(Partridge v Lomenzo,* 37 AD2d 180, 183 [Rabin, J., dissenting in part]). Accordingly, we have annulled so much of the second determination as conditioned the issuance of broker's licenses to persons employed by entities controlled by petitioner upon the discontinuance of a pending civil action to recover upon a brokerage claim. Hopkins, J.P., Mangano, Gulotta and Margett, JJ., concur.