■ In the Matter of ALBERT FRIEDMAN, Doing Business as CENTURY 21 CAPITOL HOMES, a Division of Capital Real Estate, Inc., Petitioner, v BASIL A. PATERSON, Individually and as Secretary of State, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Secretary of State which suspended petitioner's real estate broker's license for one month or, in lieu thereof, imposed a $500 fine. On September 14, 1979, Evelyn Sommer, petitioner's sales representative, prepared a document embodying Grace Rooney's offer for the purchase of real property in Schenectady, New York. The form purchase offer contained the following provision: "21. PERIOD OF CONTRACT. Purchaser irrevocably gives the Seller until September 15, 1979 * * * 8:00 p.m. to accept this contract." The underlined material was typed in by a secretary at Sommer's direction. According to Rooney, she was not aware of this section at the time she signed the offer form. Rooney also testified that she had purchased homes before and that she was from Utica where irrevocable purchase offers are not used. Rooney signed the purchase offer and made a $500 deposit. On the night of September 14, 1979, Sommer brought the contract to the seller, Anthony Mazzone. At that time Mazzone indicated to Sommer that the offer was unacceptable. The next morning at 9:30 A.M., Rooney called Sommer and told her that she no longer wanted to purchase the house. Sommer then called Mazzone and told him. Mazzone, however, claiming that he "knew his rights", insisted on signing the contract. Sommer testified that she didn't know what to do and asked an officer manager, Bill Reynolds, what to do. He told her that the offer was irrevocable until 8:00 P.M. and that it was Mazzone's privilege to sign it until then. Mazzone and his wife arrived at the office and Sommer allowed him to sign the contract at 10:15 A.M. Later that day, Rooney came to the office and Sommer informed her that Mazzone had signed the contract. Mazzone refused to release Rooney from the contract until she agreed to pay him $400. Rooney paid the $400 and received a release. In May, 1980, petitioner, a broker and Sommer's employer, was served with a notice of hearing pursuant to section 441-e of the Real Property Law advising him that he was charged with a violation of article 12-A of the Real Property Law. Attached was a complaint detailing the above facts upon which the charge was based. Following a hearing, respondent determined that petitioner had demonstrated untrustworthiness and incompetence, and imposed a one-month suspension or $500 fine. Petitioner's first argument is that he did not receive adequate notice of the charges. This

argument, however, must be rejected. The notice of hearing and complaint charged that petitioner had demonstrated untrustworthiness and incompetency pursuant to section 441-c of the Real Property Law. The complaint detailed the subject transaction, including the fact that the contract made the purchase offer irrevocable for the designated period. While it can be argued that the complaint could have been more artfully drafted, it afforded adequate notice to petitioner (see *Matter of Berlow v Lomenzo,* 49 AD2d 160, 166; see, also, *Silverstein v Minkin,* 49 NY2d 260, 263). Petitioner next contends that respondent's determination is not supported by substantial evidence. Respondent based his findings of untrustworthiness and incompetency on two grounds. First, he found that the gratuitous use by petitioner of the instant contract, containing a clause irrevocably binding the buyer for a stated period, so tipped the balance in favor of the seller as to constitute an act of untrustworthiness on petitioner's part. Second, respondent found that petitioner failed to provide guidance and supervision to Sommer on how to deal effectively with the instant situation. The instant record adequately supports these conclusions. Moreover, considering that respondent has wide discretion in determining what constitutes untrustworthiness and incompetency (*Matter of Butterly & Green v Lomenzo,* 36 NY2d 250, 256), that the real estate broker is brought by his calling into a relation of trust and confidence (*Matter of Sullivan Co.,* 289 NY 110, 114), and that the broker has an affirmative duty to supervise his salespeople (19 NYCRR 175.21), we are unable to conclude that respondent's determination was arbitrary or capricious. Finally, we do not find the penalty imposed shocking to one's sense of fairness (*Matter of Butterly & Green v Lomenzo, supra,* pp 256-258). Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Yesawich, Jr., and Weiss, JJ., concur.

Mikoll, J., dissents and votes to annul in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. Charges of incompetency and untrustworthiness must be clear and definite so that an accused knows what he has to defend (*Matter of Urban Realty v Cuomo,* 72 AD2d 947; *Partridge v Lomenzo,* 37 AD2d 180). Though the complaint against petitioner gave sufficient notice of the section of the Real Property Law involved and upon which the charges were based, the complaint did not give petitioner adequate notice of the actions of petitioner which formed the basis of the findings against petitioner. The complaint recited the existence of the irrevocable purchase offer clause and then went on to charge that "they" (presumably Sommer and petitioner) had forced Rooney to pay $400 for the release and Sommer later paid Rooney $100. There was no allegation made of inadequate supervision or guidance on petitioner's part. Since petitioner was not present at the transaction and therefore not liable for his salesperson's alleged violation of article 12-A of the Real Property Law, it was reasonable for him to conclude that his affidavit to that effect was sufficient to deal with the charges. Petitioner was not given adequate notice that he would have to answer to a charge of inadequate supervision or guidance of his employee. The proceeding was constitutionally defective. The determination should be annulled.