■ In the Matter of KEVIN W. GRYGIEL, Petitioner, v GAIL S. SHAFFER, as Secretary of State of New York, Respondent.— Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which revoked petitioner's real estate broker's license.

Petitioner, a licensed real estate broker, was charged by the Department of State with engaging in fraud and fraudulent practices, and demonstrating untrustworthiness and incompetency within the meaning of Real Property Law § 441-c. The charges arose out of petitioner's participation in the sale of a number of properties in the Utica area in which the buyer obtained financing in excess of the purchase price. There is testimony in the record that petitioner conspired with two people, Michael Donnelly, a broker, and William Thomas, a salesperson, to create inaccurate appraisals of the properties, based not on the particular property's value at the time of the appraisal but upon that property's value if repaired. In each case, petitioner acted as the seller's broker, Donnelly was the purchaser and Thomas appraised the property. Although some of the excess financing was used for repairs to the various properties, much of it was diverted to other purposes, and a substantial number of the mortgages were in default. Petitioner did not receive any of the excess funds obtained through the financing scheme, but he did receive substantial commissions on the sales. Based upon evidence presented at a hearing, respondent found that petitioner had engaged in fraudulent practices and had demonstrated untrustworthiness. As a penalty, petitioner's license was revoked and petitioner commenced this proceeding to annul respondent's determination.

We reject petitioner's contention that respondent's determination is not supported by substantial evidence. Respondent has the authority to revoke or suspend the license of a real estate broker who has been guilty of fraud or fraudulent practices or has demonstrated untrustworthiness (Real Property Law § 441-c). The Court of Appeals has said that respondent has been vested, "within the substantial evidence rule of course, with 'wide discretion in determining what constitutes "untrustworthiness" ' " *(Matter of Butterly & Green v Lomenzo,* 36 NY2d 250, 256, quoting *Matter of Gold v Lomenzo,* 29 NY2d 468, 476-477). We conclude that this wide discretion also encompasses the determination as to whether a broker has been guilty of fraudulent practices, for respondent "has the ultimate responsibility for effectively regulating that calling and for protecting society at large from unreliable brokers, and from unseemly sales practices" *(supra,* at 256).

There is evidence in this record that petitioner introduced Donnelly to the Utica real estate market, that petitioner explained to Donnelly how financing could be obtained in excess of a property's purchase price, and that petitioner, as

well as Donnelly, asked Thomas to perform appraisals on the basis of the property's value if repaired instead of its value at the time of the appraisal. There is also evidence that petitioner was aware of the inflated appraisals, the excess financing resulting from these appraisals and that many of the properties were not being repaired or renovated as contemplated by the appraisals. Despite such knowledge, petitioner never informed the financing institution of these deficiencies. The evidence of petitioner's continued participation in these sales transactions, with the knowledge that Donnelly or his assignee was obtaining financing in excess of the purchase price through the use of Thomas' inaccurate appraisals based upon projected future repairs which were not being made, and petitioner's failure to disclose these deficiencies to the lending institution, provides a sufficient basis, in our view, for respondent's finding that petitioner was guilty of fraudulent practices and had demonstrated untrustworthiness *(see, Matter of Dovale v Paterson,* 85 AD2d 602; *Matter of Madison Valencia Group v Cuomo,* 57 AD2d 896, 897; *cf., Matter of Apostol v Department of State,* 23 AD2d 845).

Next, we reject petitioner's claim that he received inadequate notice of the charges. Petitioner seeks to equate the charge of fraud and fraudulent practices with the common-law fraud cause of action which requires detailed specificity in pleading *(see,* CPLR 3016 [b]), but we are of the view that charges of fraud and fraudulent practices under Real Property Law § 441-c (1) are not the same as the common-law fraud cause of action *(see, Matter of Allstate Ins. Co. v Foschio,* 93 AD2d 328, 331-332). In cases such as this it has been said that the " 'charge [must] be definite so that the accused might know against what he has to defend' " *(Matter of Trivelas v Paterson,* 91 AD2d 1000, 1001, quoting *Matter of Chiaino v Lomenzo,* 26 AD2d 469, 472). But, where a real estate broker is clearly and definitely apprised of the factual transaction upon which the charges are based, the notice complies with due process requirements *(see, Matter of Hirsch v Shaffer,* 108 AD2d 815; *Matter of Friedman v Paterson,* 89 AD2d 701, 702, *affd* 58 NY2d 727). The complaint affidavit herein clearly alleges that the charges are based upon petitioner's conduct in participating in the series of transactions whereby Donnelly obtained excess financing through the use of Thomas' inaccurate appraisals. The hearing focused on this conduct and the final determination is based upon this conduct. Petitioner's due process argument, therefore, is meritless.

Finally, there is no basis for judicial intervention in the

penalty imposed herein *(see, Kostika v Cuomo,* 41 NY2d 673, 676).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.