■ In the Matter of RICHARD M. SHANE, Petitioner, v NEW YORK STATE DEPARTMENT OF STATE DIVISION OF LICENSING SERVICES, Respondent. [23 NYS3d 377]—

Proceeding pursuant to CPLR article 78 to review so much of a determination of the New York State Department of State dated April 24, 2014, as affirmed so much of a determination of an administrative law judge dated November 27, 2013, made after a hearing, as, upon determining that the petitioner demonstrated untrustworthiness and incompetency, pursuant to Real Property Law § 441-c, revoked his license to act as a corporate real estate broker.

Adjudged that the determination dated April 24, 2014, is confirmed insofar as reviewed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

By order dated August 13, 2014, the Supreme Court transferred this proceeding to this Court pursuant to CPLR 7804 (g). The subject petition only sought review of the penalty imposed and did not raise issues of substantial evidence (*see Matter of Ottley v New York City Hous. Auth.*, 106 AD3d 741, 744 [2013]; *Matter of Kerney v Hernandez*, 60 AD3d 544, 544 [2009]). Therefore, transfer of the proceeding to this Court was not warranted (*see* CPLR 7804 [g]). Nevertheless, in the interest of judicial economy, we will retain jurisdiction to decide the propriety of the penalty (*see Matter of Charles v Commissioner, N.Y. State Dept. of Social Servs.*, 240 AD2d 490, 490 [1997]).

After a hearing before an administrative law judge (hereinafter the ALJ), the petitioner was found to have demonstrated untrustworthiness and incompetency pursuant to Real Property Law § 441-c. The ALJ was entitled to consider the past disciplinary actions commenced against the petitioner in fashioning a penalty for his violations in this matter (*see Matter of Razik v New York State Dept. of State Div. of Licensing*

*Servs.*, 60 AD3d 769, 771 [2009]; *Matter of Gouiran v Department of State of State of N.Y.*, 82 AD2d 832, 832 [1981]). The New York State Department of State has wide discretion in fashioning penalties for a broker whose conduct has been deemed untrustworthy (*see Matter of Razik v New York State Dept. of State Div. of Licensing Servs.*, 60 AD3d at 771; *Matter of Facey v Department of State*, 132 AD2d 698, 698-699 [1987]).

Under the circumstances, the revocation of the petitioner's license to act as a corporate real estate broker was not so disproportionate to the offenses as to shock the judicial conscience (*see Matter of Kelly v Safir*, 96 NY2d 32, 38 [2001]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 237 [1974]; *Matter of Maneri v New York State Dept. of State*, 240 AD2d 748, 748 [1997]). Dillon, J.P., Dickerson, Miller and Duffy, JJ., concur.